63  299
84  166

[In Bank. — March 30, 1883.]
## EX PARTE E. HARRISON, ON HABEAS CORPUS.

CRIMINAL LAW — GAMBLING — SENTENCE UNDER SECTION 330. — Sections 1205 and 1446 of the Penal Code are inapplicable to sentences imposed under section 330, and a prisoner held in custody for failure to pay a judgment rendered under the provisions of that section is only entitled to be discharged upon the payment of the fine and costs in money, at any time within the term of imprisonment, or by serving out the term of his imprisonment. He has no right to pay either fine or costs by imprisonment at the rate of one dollar a day.

The facts are stated in the opinion of the court.

*F. A. Berlin*, for Petitioner.

*Attorney-General*, for Respondent.

McKEE, J. — The punishment prescribed for the offense of gaming, as defined by section 330 of the Penal Code, is a fine of not less than two hundred dollars, nor more than one thousand dollars, and imprisonment in the county jail until payment of the fine *and costs*, not exceeding one year. Satisfaction of a judgment for fine and costs, rendered under the provisions of the section, can only be made in one of two ways; namely, by payment in money, or by imprisonment for the time fixed by the judgment, which must be within the maximum time prescribed by the section.

A prisoner held in custody for failure to pay such a judgment is only entitled to be discharged upon payment of the fine and

costs in money, at any time within the term of his imprisonment, or by serving out the term of his imprisonment. Section 330 gives him no right to pay either fine or costs by imprisonment at the rate of one dollar per day.

Sections 1205 and 1446 of the Penal Code are inapplicable to sentences imposed under section 330. Section 1205 relates to the satisfaction of judgments in the Superior Courts imposing a fine only, and section 1446 relates to the satisfaction of such fines imposed by judgments in Justices' or Police Courts. Both provide for the payment of such fines by imprisonment at the rate of one dollar for each day's imprisonment. Any judgment for a fine only substantially conforming to the provisions of those sections would be valid and sufficient (*Ex parte Ellis*, 54 Cal. 204), and one held in custody under it would be entitled to a credit of a dollar for each day he may have remained in prison, and, at any time, would be entitled to his discharge upon paying the sum remaining due. (*Ex parte Kelly*, 28 Cal. 414.)

It would be otherwise, however, as to a party held in custody by a commitment upon a judgment for *fine and costs* imposed under the provisions of section 330. He would have no right to his discharge at any time within the term of his imprisonment without first paying in money the judgment against him. Both fine and costs must first be paid, or the prisoner serve his term of imprisonment. Until one or the other of these things be done the sheriff is bound to detain him in custody. (§ 1215, Pen. Code.) But to authorize his detention the judgment must, under the provisions of section 330, specify the amount of the fine and costs, and the punishment to be inflicted. That section fixes the minimum and maximum of the fine, and the maximum of the imprisonment for the offense; and it is the duty of the court in which conviction has been had to render judgment within the boundaries established, and to specify in the judgment the amount of the fine, and the term of the imprisonment, and in that regard the judgment should be certain and definite, and complete in itself, so that what it requires to be done may be known without resort to anything outside of it. A judgment rendered upon a conviction under section 330 must specify the term of imprisonment, otherwise it is not such a judgment as is

authorized by the section. And as no term of imprisonment for the offense of which the petitioner was convicted under section 330 is fixed by the judgment under which he is held in custody, he is illegally held, and must be discharged.

It is so ordered.

THORNTON, J., and SHARPSTEIN, J., concurred.

McKINSTRY, J., specially concurring. — Section 1205 of the Penal Code cannot be dove-tailed into section 330 so that the two together may be read as defining the punishment applicable to the crime named in 330. Section 330 provides that one found guilty of dealing, etc., any of the games mentioned is punishable by fine, "and shall be imprisoned until such fine and costs of prosecution are paid, such imprisonment not to exceed one year." The costs of prosecution are a different thing from the fine, and in section 330 the two things are spoken of as different. There can be no doubt that a person imprisoned under a judgment rendered according to section 1205 is entitled to his discharge when he has been imprisoned for a number of days equal to the number of dollars' fine, although he has paid no portion of the fine or costs. He cannot be detained to "work out" the amount of costs at a dollar a day. But section 330 expressly provides that the person found guilty of the offense therein defined shall be imprisoned for a year, unless, in the mean time, he shall pay the fine "and costs of prosecution." In such case he is not entitled to his discharge on payment of the whole of the fine (without the costs), nor is he entitled to his discharge at the expiration of a number of days equal to the number of dollars' fine, or equal to the number of dollars of any portion of the fine remaining unpaid. He must remain in jail for the period of a year, unless he shall pay the costs as well as the whole of the fine. As under section 330 the costs of prosecution can be satisfied only by a payment, or by a year's imprisonment, and as the fine and costs cannot be satisfied separately, in such manner as to relieve the party of any portion of the year's imprisonment, section 1205 can have no application to judgments rendered upon conviction under section 330.

MYRICK, J., dissented.