[No. 20693.   In Bank. — May 17, 1890.]

Ex parte SING AH TONG, on Habeas Corpus.

CRIMINAL LAW — GAMING — IMPRISONMENT FOR FINE — VALIDITY OF JUDG-
MENT — HABEAS CORPUS. — A judgment upon conviction of misdemeanor in keeping a tan game, in violation of section 330 of the Penal Code, cannot be held void upon *habeas corpus*, if it imposes a definite fine within the limits of that section, and substantially directs imprisonment until the fine imposed is paid, to continue for a definite term, not exceeding one year, as contemplated by that section, although the judgment appears to be based upon sections 1205 and 1446 of that code, which have no application to such offense, and imposes imprisonment at the rate of one dollar per day for each dollar of fine until the fine is satisfied.

APPLICATION for a writ of *habeas corpus*. The petitioner was convicted in the police court of the city and

county of San Francisco of the crime of misdemeanor for keeping a tan game, in violation of section 330 of the Penal Code. Further facts are stated in the opinion of the court.

*Joseph F. Coffey*, for Petitioner.

Beatty, C. J. — The petitioner was prosecuted under section 330 of the Penal Code, and convicted of the offense therein defined. It is provided that persons so convicted shall be "punishable by fine of not less than two hundred dollars nor more than one thousand dollars, and shall be imprisoned in the county jail until such fine and costs of prosecution are paid, such imprisonment not to exceed one year." (Pen. Code, sec. 330.)

It appears by the return to the writ that judgment was rendered against the petitioner in the following terms, after reciting the conviction: "It is ordered and adjudged as a punishment therefor that the said Sing Ah Tong pay a fine of $250, and in default of payment thereof, that said Sing Ah Tong be imprisoned in the county jail of this city and county at the rate of one day for each one dollar of fine until said fine is satisfied."

It is argued that this judgment is void because it is evidently based upon the provisions of section 1205 or of section 1446 of the Penal Code, which have been held not to apply to convictions under section 330. (*Ex parte Harrison*, 63 Cal. 299.)

It is true that in the case cited those sections and the judgment which they prescribe were held to be inapplicable to convictions of the offense with which the petitioner was charged, and it certainly does appear that the court in pronouncing sentence upon the petitioner had in mind the provisions of section 1205 or section 1446, which are applicable to finable offenses generally, though not to this offense.

But it does not follow that the judgment is void merely because it conforms to sections 1205 and 1446. On the

contrary, it is only void if it fails to conform substantially to the requirements of section 330; and it happens in this case, in our opinion, that the police judge, though apparently intending to found his judgment upon section 1205 or 1446, has not transgressed the provisions of section 330.

The fine imposed is the definite sum of $250, which is within the *minimum* and *maximum* limits prescribed by that section; and imprisonment "at the rate of one day for each one dollar of fine until said fine is satisfied" may be rationally construed to mean imprisonment until the fine is paid (there are no costs), not exceeding two hundred and fifty days.

This satisfies all the requirements of the decision in *Ex parte Harrison*, 63 Cal. 299, wherein it was merely decided that a judgment in case of conviction under section 330 must prescribe a certain, a definite term of imprisonment, not exceeding one year, during which the defendant must be confined, unless before its expiration he pays the full amount of the fine and costs, without any deduction or credit on account of the imprisonment already undergone.

Read by itself, there is nothing in this judgment which implies, still less directs, that the petitioner is to be discharged before he has undergone 250 days' imprisonment, unless he pays the full amount of the fine. Read in connection with the statutes, its meaning is equally clear to the same effect.

If the complaint of the petitioner was that the law had been strained against him by making his punishment more severe than the legislature intended, and if it appeared that his complaint in that particular was well founded, we should feel no inclination to uphold the judgment by any liberality of construction. But the objection which he urges to this judgment is, that it is not severe enough; that whereas it ought to have plainly directed his imprisonment for a whole year, unless prior

to that time he paid the whole of his fine and costs, it in fact limits his imprisonment to 250 days at the utmost, and is so equivocally worded that if during that period he should pay as many dollars of his fine as there remained days of imprisonment to be undergone, the sheriff might · deem it his duty to discharge him.    An objection so extremely technical it seems to us is fairly met by any construction which the judgment complained of will bear.

Writ discharged, and prisoner remanded.

McFARLAND, J., Fox, J., and SHARPSTEIN, J., concurred.