## Ex Parte H. KELLY on Habeas Corpus.

SENTENCE FOR ASSAULT WITH DEADLY WEAPON, ETC.—Upon conviction for an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury, the Court may lawfully sentence the offender to pay a fine of five thousand dollars, and direct that he be imprisoned in the County Jail at the rate of two dollars per day until the same is paid.

SAME—PAYMENT OF THE FINE.—In case of such sentence the prisoner is entitled to a credit of two dollars per day for each day he remains in prison, and he may at any time pay the sum then remaining unsatisfied and claim his discharge from custody.

THE defendant was indicted in Sacramento County for an assault with a deadly weapon, with intent to commit bodily injury upon the person of Anton Taylor, committed on the 30th day of April, 1864, and was convicted, and on the 25th day of November, 1864, sentenced by the County Court. August 15th, 1865, the prisoner applied to the Supreme Court to be discharged on *habeas corpus*.

The other facts are stated in the opinion of the Court.

*J. C. Goods*, and *J. W. Coffroth*, for Petitioner.

*J. G. McCullough*, *Attorney-General*, for the People.

By the Court, SANDERSON, C. J.

The judgment is in harmony with the law of the case. Section fifty of the Act concerning crimes and punishments,. and section four hundred and sixty of the Act concerning criminal practice are *in pari materia* and must be read together. There is no conflict between them, and when read together the intent and meaning is obvious. Upon conviction for an assault with a deadly weapon with intent to inflict upon the person of another

a bodily injury, the Court may lawfully sentence the offender to imprisonment in the State Prison for any term not exceeding two years, or to pay a fine not exceeding five thousand dollars, or both; and in case a fine is imposed, may further direct that he be imprisoned until the fine be satisfied, such imprisonment not to exceed one day for every two dollars of the fine. The judgment in this case does not violate any of the foregoing provisions, but on the contrary is in keeping therewith. It imposes a fine of five thousand dollars, and directs "that the defendant be imprisoned in the County Jail at the rate of two dollars per day, until the same be paid." That it is fully authorized by the statute in question there can be no doubt.

The mere fact that by its operation the defendant may be imprisoned in the County Jail, by way of enforcing payment or satisfaction of his fine, for a longer period than he could be lawfully imprisoned in the State Prison by way of punishment, is entitled to no weight. The latter imprisonment is the punishment or a part of it; but the former is no part of the punishment *per se*, but is merely one of the modes by which the law enforces the satisfaction of the fine which is in itself the punishment or a part of it. The punishment fixed by the statute is imprisonment in the State Prison, or fine, or both; all beyond is mere mode and manner of enforcement. The first is to be satisfied by serving out the prescribed term in the State Prison, and in that way only; but the latter may be satisfied in either of three ways, by voluntary payment of the amount of the fine, or by its collection under execution as in the case of a judgment in a civil action (Crim. Prac. Sec. 461); or by imprisonment in the County Jail not exceeding one day for every two dollars of the fine. The alleged incongruity is apparent only when the mere mode and manner of enforcing the punishment is confounded with the punishment itself and regarded as a part of it, but it wholly disappears when the obvious distinction between the two is kept in view.

There is no force in the point that the defendant is bound to satisfy the whole fine by imprisonment and cannot be

allowed to pay the unsatisfied portion of his fine and be there-upon discharged from custody. For each day which he has or may hereafter pass in prison he is entitled to a credit of two dollars upon his fine and he may at any time pay the sum then remaining unsatisfied and claim his discharge from cus-tody.

Let the prisoner be remanded to the custody from whence he came.

Mr. Justice RHODES expressed no opinion.