[No. 10,487.]

## Ex Parte ELLIS.

Justice of the Peace—Fine—Imprisonment.—A judgment of a Justice of the Peace, in a case of misdemeanor, that the defendant be fined $300, and that in default of payment he be imprisoned in the county jail not exceeding three hundred days, is in substantial compliance with Penal Code, § 1205.

Application for discharge on a writ of *habeas corpus*.

The facts are stated in the opinion.

*James H. Budd*, for Petitioner.

Cited *Ex parte Dobson*, 31 Cal. 499; Penal Code, § 1455.

Department No. 1, McKinstry, P. J.:

The judgment of the Justice of the Peace, as appears by the transcript from his minutes, is in the following words: " Defendant brought into court at his special instance and request, and pleaded guilty as charged in the complaint; and having waived the legal time for sentence, whereupon the Court doth order and adjudge that the defendant be fined in the sum of

three hundred dollars, ($300) and *in default of the payment of said fine*, that said defendant be and is hereby committed to the Sheriff of Fresno County, and by said Sheriff imprisoned in the county jail of said county not exceeding three hundred days."

Section 1205 of the Penal Code reads: "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied; specifying the extent of the imprisonment, which must not exceed one day for every dollar of the fine."

The Court does not adjudge that the defendant has failed to pay the fine, and thereupon direct that he be imprisoned three hundred days; and it is perfectly manifest that, when the judgment was being pronounced, the Court could not have known that the fine would not be paid. The language imports that he shall be imprisoned " not exceeding " three hundred days, in case he shall not pay the fine. Considered in their relation to the context, the words that he be imprisoned " in default of the payment of said fine," are the equivalent of those found in the section of the Penal Code, " that he be imprisoned until the fine be satisfied." In Georgia the form required by the law was that the defendant should stand committed until the fine be paid. The Supreme Court of that State held *good* a judgment that defendant pay a certain fine, and on failure to pay the same that he be committed to jail for three months, unless sooner paid. (*Brink* v. *The State*, 22 Ga. 98.)

We think, also, the direction that he be imprisoned in default of payment of the fine, or, in other words, that he be imprisoned in case the fine be not satisfied, " not exceeding three hundred days," is a compliance with the portion of the same section which requires a specification of the extent of the imprisonment " not to exceed " a certain limit. Since the imprisonment may on any day be brought to an end by payment of the fine, it is manifest that the statute can only mean that the *maximum* shall be specified or named with certainty. We reach the conclusion, therefore, that, however inartificially drawn, the judgment of the Justice accords with the statute.

The last clause of § 1205 is a direction to and limitation upon the power of the Court pronouncing the judgment. The

Opinion of the Court—McKinstry, P. J.

Judge has been informed in the preceding clauses that he may fine, and may imprison until the fine be satisfied, provided he specifies the term of imprisonment. The last clause instructs him that in fixing the period of imprisonment he must name a period of time which bears a certain relation to the amount of the fine. Section 1205 does not demand that the judgment shall *state* that the imprisonment therein mentioned "must not exceed one day for every dollar of the fine," and such statement would add no force to those which preceded it, since whether the imprisonment did or not conform to. the *ratio* would appear on inspection of the judgment—such statement being omitted. Nor does the section require that the judgment shall recite that defendant will be entitled to his discharge on payment of the fine, although his right to a discharge would doubtless be a legal consequence of the payment. Section 1456 provides: "When a judgment is entered imposing a fine, or ordering the defendant to be imprisoned until the fine is paid, he must be held in custody *during the time specified in the judgment*, unless the fine is sooner paid."

Whether, under the sections of the Code referred to, or other provisions of statutes, the petitioner will be entitled to his discharge at any time prior to the expiration of the three hundred days upon payment of the fine imposed by the judgment, *less* a number of dollars equal to the number of days' imprisonment he shall already have suffered, is a question which may depend upon the proper construction of the Code or other statutes. It was held in *Ex parte Kelly*, 28 Cal. 414, that, by virtue of the second section of "An act concerning persons under sentence of imprisonment,".(Stats. 1857, p. 151) a person in prison under an alternate sentence of fine or imprisonment, was entitled to a credit of two dollars for each day he had remained in prison, and could at any time pay the sum remaining unsatisfied, and claim his discharge. But, as here suggested, the question is purely hypothetical; it does not appear that any part of the fine has been paid or tendered.

The only question we have been called on to decide is whether the judgment of the Justice of the Peace substantially conforms to the statute.

The prisoner must be remanded to the custody of the Sheriff. So ordered.

McKEE, J., and ROSS, J., concurred.