[No. 10,716.—Department Two.]
Feb. 4, 1882.

## EX PARTE CHIN YAN.

MUNICIPAL ORDINANCE—JUDGMENT—FINE AND IMPRISONMENT.—The petitioner was convicted in the Police Court of the city and county of San Francisco under Section 33 of Order No. 1,587 of the city and county, of a misdemeanor, in visiting a place for the practice of gambling. The judgment was "that said Chin Yan pay a fine of twenty (20) dollars, and in default of payment thereof, that said Chin Yan be imprisoned in the County Jail of this city and county for the period of ten days;" and the commitment was "for the period of ten days or until the said fine should be paid or satisfied."

*Held:* We consider this judgment valid and lawful upon the authority of *Ex parte Ellis*, 54 Cal. 204. The authority given to the Sheriff to arrest and imprison the defendant for the period of ten days or "*until said fine has been paid or satisfied*," authorizes the petitioner to claim his release, when the fine has been satisfied by the imprisonment, or partly by payment of money and partly by the imprisonment, estimating the latter at two dollars per day during the period of imprisonment. Such is a fair deduction from the judgment.

ID.—CONSTITUTIONAL LAW.—The section referred to is not unconstitutional, as opposed to Subdivision 2, Section 25 of Article iv of the Constitution of 1879. Section 3 of the amendment of the consolidation act of April 25, 1863, gives full authority to the Board to pass the order under consideration and the act itself is not unconstitutional. The object of the article of the constitution relating to local legislation is to restrain the Legislature from passing laws of the character mentioned. The Legislature can authorize by general laws, under the present Constitution, ordinances of that character to be passed by a municipal corporation.

Id.—Id.—Cases Distinguished.—The Traylor Act, declared unconstitutional in *Earle* v. *Board of Education* (55 Cal. 481), was an act of the Legislature. *Desmond* v. *Dunn*, 55 Cal., 242; and *McDonald* v. *Patterson*, 54 Id. 245, have no reference to the question before us.

Id.—Id.—Unreasonable Ordinance.—Where the Legislature in terms confers upon a municipal corporation the power to pass ordinances of a specified and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto can not be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental powers of the corporation, or under a grant of power general in its nature. In other words, what the Legislature distinctly says may be done can not be set aside by the Courts because they may deem it unreasonable or against sound policy. But where the power to legislate on a given subject is conferred and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid.

Application for discharge on writ of *habeas corpus.*

*Robert Ashe,* for Petitioner.

Thornton, J.:

In this case, the Petitioner, Chin Yan, was convicted in the Police Court of the city and county of San Francisco under Section 33 of Order No. 1,587 of the city and county, of a misdemeanor, in visiting a place for the practice of gambling. The above section is in these words:

"Sec. 33. No person shall, in that portion of the city and county bounded by Larkin, Market, Church, Eighteenth, and Channel streets, and the water front, keep or maintain, or become an inmate of, or a visitor to, or shall in any way contribute to the support of any disorderly house, or house of ill-fame, or place for the practice of gambling; or knowingly let or underlet, or transfer the possession of any premises for use by any person for any of said purposes. Every person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and punished by a fine of not less than twenty dollars or imprisonment not less than ten days."

It will be observed that the punishment under this ordinance is a fine of not less than twenty dollars or imprisonment not less than ten days. The judgment is as follows:

"In the Police Judge's Court of the city and county of San Francisco, State of California.

"WEDNESDAY, December 1, 1881.

"Present presiding: Hon. Hale Rix, Police Judge.

"The *People of the State of California* v. *Chin Yan* convicted of Mis. Visiting gambling place:

"In this action the defendant personally appears for sentence. The Court renders its judgment: That whereas the said Chin Yan having been duly convicted in this court of the crime of Mis. Visiting a gambling place; it is ordered and adjudged, as a punishment therefor, that the said Chin Yan pay a fine of twenty (20) dollars, and in default of payment thereof, that said Chin Yan be imprisoned in the County Jail of this city and county for the period of ten days." (The preceding is the original judgment.)

"And, whereas, said fine has not been paid, these are therefore in the name of the People of the State of California to command you, the said Sheriff of the city and county of San Francisco, forthwith to take, arrest, and safely keep and imprison the said Chin Yan in the County Jail of the said city and county of San Francisco, State of California, for the period of ten (10) days, or until said fine has been paid or satisfied; and these presents shall be your authority for the same.

"Witness my hand and the seal of the said Police Judge's Court, this twelfth day of December, 1881.

"Hale Rix, Judge of the Police Judge's Court of the city and county of San Francisco."

We consider this judgment valid and lawful upon the authority of *Ex parte Ellis*, 54 Cal. 204. The authority given to the Sheriff to arrest and imprison the defendant for the period of ten days or "*until said fine has been paid or satisfied,*" authorizes the petitioner to claim his release, when the fine has been satisfied by the imprisonment, as partly by payment of money and partly by the imprisonment, estimating the latter at two dollars per day during the period of imprisonment. Such is a fair deduction from the judgment.

But another question arises and has been argued, upon the validity of the thirty-third section of the ordinance, under which the conviction was had. The section has been quoted

in full above. It is contended that it is unconstitutional, as opposed to Subdivision 2, Section 25 of Article iv of the Constitution of 1879.

By the third section of the act of April 25, 1863 (Stats. 1863, p. 540), which is an amendment of the Consolidation Act, it is provided "that the Board of Supervisors of the city and county of San Francisco shall have power by regulation or order."

First—* * *

Second—* * *

. "Third—To prohibit and suppress or exclude from certain limits all houses of ill-fame, prostitution, and gaming; to prohibit and suppress or exclude from certain limits or to regulate all occupations, houses, places, pastimes, amusements, exhibitions and practices, which are against good morals, contrary to public order and decency, or dangerous to the public safety."

The foregoing, if valid, gives full authority to the Board to pass the order under consideration. It is said that this is invalid, as opposed to the clause of the Constitution above referred to. That clause is a restriction on the powers of the Legislature to pass *local or special laws*, "for the punishment of crimes and misdemeanors." The object of the article of the Constitution in which this clause is found, is to restrain the Legislature from passing laws of the character mentioned. The Legislature can· authorize by general laws, under the present Constitution, ordinances of that character to be passed by a municipal corporation. If this were not so, it. could confer no legislative power at all on such corporations,. for all the ordinances which such corporations adopt must be local, as they can have no operation beyond the district of the municipality. The clause referred to has no application here. The Act of 1863 was constitutional when passed, and there is nothing in the present Constitution which annuls it. It still remains a valid law. (See §§ 6, 7, 8 of Article xi of the Constitution.).

The Traylor Act, declared unconstitutional in *Earle* v. *The Board of Education* (55 Cal. 489), was an act of the Legislature. *Desmond* v. *Dunn*, 55 Cal. 242, and *McDonald* v. *Patterson*, 54 Id. 245, have no reference to the question before us.

CAL. REPS. LX—6

The power to declare the offense in question punishable as a misdemeanor comes from Section 74, Subdivision *eleventh* of the Consolidation Act. The Act of April 25, 1863, is, in our view, constitutional.

But it is said that this order is in conflict with the law of the State on the same subject, and we are referred to Section 330 of the Penal Code. It is said that this section does not make visiting a gaming-house a penal offense. This may be granted, and still there is no conflict, and for the sufficient reason that Section 330 of the Penal Code does not make such act an offense, does not refer to it at all, and the order does. The State Legislature can in the future legislate on the subject, and both the statute then passed and the ordinance may stand together. (Cooley's Const. Lim. 242, and notes.) We find nothing in the order to conflict with the section of the Penal Code referred to. We are not referred to any other State law, nor are we aware of any other in conflict with such order. This contention of the petitioner is not maintainable.

The case *Ex parte Mary Maguire* has no feature in common with the case before us. It arose upon a construction of a section of the Constitution, entirely different from any invoked here. The section is the 18th of Art. xx, and is in these words: "No person shall, on account of sex, be disqualified from entering upon or pursuing any lawful business, vocation, or profession." If there is any disqualification in the case before us, *on account of sex*, we have failed to ascertain it.

It is further urged that the ordinance is *unreasonable*, and therefore *void*. On this subject, the rule is this: Where the Legislature in terms confers upon a municipal corporation the power to pass ordinances of a specified and defined character, if the power thus delegated be not in conflict with the Constitution, an ordinance passed pursuant thereto can not be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental powers of the corporation, or under a grant of power general in its nature. In other words, what the Legislature distinctly says may be done can not be set aside by the Courts because they may deem it unreasonable or against sound policy. But where the power to legislate on a given subject

is conferred and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid. Such is the rule as stated by Judge Dillon in his excellent work on Municipal Corporations, Section 328. The rule is sustained by common law and by authority. It is the outcome of a judicious application of legal principles. (See *Peoria* v. *Calhoun*, 29 Ill. 317; *St. Paul* v. *Colter*, 12 Minn. 41; *Brooklyn* v. *Breslin*, 57 N. Y. 591; *State* v. *Clark*, 54 Mo. 17, 36.)

The rule that ordinances must not be unreasonable finds its proper field of application when the municipality acts under its implied power to legislate—to pass by-laws or ordinances. (Dill. Munic. Corp., § 319.) When the power to pass ordinances is given, and no mode prescribed for the exercise of the power, it must then be exercised as above seen in a reasonable manner. (Id., § 328.)

The power to legislate by order or regulation is plainly given by the Act of April 25, 1863 (Stats. 1863, p. 540), "to prohibit and suppress, or exclude from certain limits" all houses of gaming, to do the same thing as to all practices against good morals and contrary to public order and decency. The power to act within certain limits is conferred. The limits must be defined by the Board of Supervisors. This matter of limits is left to their judgment and discretion. The Legislature has vested it in them, by a valid act, and this Court can not revise the exercise of this discretion by the Board. (*State* v. *Clark*, 54 Mo. 17, 36.) The Board must pass on the expediency and reasonableness of the limits fixed in their order. We see nothing unreasonable in the exercise of the power in the mode declared by the section of the order under discussion.

But it is said it is not *impartial, fair, and general,* and it is asked why should an act be lawful east of Larkin street and unlawful west of it. The foregoing answers the question. The matter of definition of limits was left by the Legislature to the Board. The requirement that it must be impartial, fair, and general, only applies to the defined districts. It must be impartial, fair, and general within the eastern district. It is so. It must be of the same character as to the western district. And we find that it is within such district

impartial, fair, and general. In each district it operates on all alike. (Dill. Munic. Corp., § 322, and cases cited in notes.) The ordinances in relation to fire limits and slaughter-houses are instances of the exercise of a like power as the above.

An untenable intrepretation of the order is urged upon us, that the reference is to "a house of *prostitution and gaming,*" that the reference is to a house where both are carried on. We can not agree with the learned counsel. Such is a misinterpretation of the language of the order.

The petitioner is legally held, and must be remanded to the custody of the Sheriff of the city and county of San Francisco.

So ordered.

Myrick and Sharpstein, JJ., concurred.