[No. 10,733.—Department Two.]
May 12, 1882.

## Ex parte A. J. BALDWIN.

JUDGMENT FOR PAYMENT OF FINE—MISDEMEANOR—PUNISHMENT—SUNDAY LAW.—Upon a conviction for keeping open a place of business on Sunday, the judgment was "that the defendant pay a fine of fifty dollars, or be imprisoned in the County Jail * * * for the period of fifty days."

*Held:* As to the imprisonment of the defendant, the judgment is void, and affords no authority to any officer to hold him in custody.

ID.—ID.—The power of a Justice to impose imprisonment upon a defendant convicted of a misdemeanor, punishable only by fine is derived from § 1446, Penal Code, and can be exercised only in accordance with its provisions.

ID.—CASES DISTINGUISHED.—*Ex parte Kelly,* 28 Cal. 414; *Ex parte Chin Yan,* 8 P. C. L. J. 1113, and *Ex parte Ellis,* 54 Id. 204, distinguished.

APPLICATION for release on *habeas corpus.*

*J. M. Lesser,* for Petitioner.

The judgment at bar is that "the defendant pay a fine of fifty dollars, or be imprisoned in the County Jail of said County for the period of fifty days." Not in default of payment or until the fine be satisfied, or any equivalent of these expressions, but a judgment unauthorized by statute and certainly void according to the common law. (*Ex parte Murray,* 43 Cal. 457.)

The commitment cannot cure the judgment. A copy of the judgment is the only commitment authorized by law. (Pen. C., § 1455.)

*W. D. Storey,* District Attorney, and *John C. Hall, Contra.*

Cited *People* v. *Markham,* 7 Cal. 203; *Ex parte Kelly,* 28 id. 414; *Ex parte Ellis,* 54 id. 204.

THORNTON, J.:

In this case the petitioner, A. J. Baldwin, applies to be released from imprisonment on a writ of habeas corpus.

The petitioner was convicted of a misdemeanor, punishable by fine only. Judgment was entered against him, as appears in the commitment, as follows:

"In the Justices' Court of Branciforte Township, in the County of Santa Cruz, State of California. The people of the State of California:

"To the Sheriff of the County of Santa Cruz, greeting:

"Whereas, A. J. Baldwin has, on the twenty-third day of December, 1881, been convicted before me, L. Curtis, a Justice of the Peace of said Santa Cruz County, of the crime of misdemeanor, committed in said Santa Cruz County, on or about the fourth day of September, 1881:

"And whereas, upon such conviction I did consider and adjudge as follows, to wit:

"A judgment is entered against said defendant for the sum of fifty dollars, and it is ordered adjudged and decreed that the defendant pay a fine of fifty dollars or be imprisoned in the county jail of said county for the period of fifty days.

"I, L. Curtis, Justice of the Peace of said township and

county, do hereby certify that the foregoing is a full, true and correct copy of the judgment now of record in my office in the above mentioned action.

"(Signed)                          L. CURTIS,
        "Justice of the Peace in and for said county."

"And, whereas, the said A. J. Baldwin, although requested to pay said fine, has not paid the same:

"These are therefore to command you, the said Sheriff, to take and receive the said A. J. Baldwin into your custody, and imprison him in the county jail of said Santa Cruz county until he shall pay said fine, not exceeding fifty days.

"Given under my hand, at the township of Branciforte, in the county of Santa Cruz, this fifth day of January, 1882.

"(Signed)                          L. CURTIS,
        "Justice of the Peace in and for said County."

It appears that the petitioner was convicted of keeping a place of business open on Sunday for the purpose of transacting business on that day. On this conviction he was punishable by a fine not less than five nor more than fifty dollars.

The power in the justice to impose imprisonment on a defendant convicted as the defendant is, was dependent on the nonpayment of the fine. Such power is derivative, and results as a consequence upon something that must transpire after the judgment or sentence is rendered, viz: the nonpayment of the fine. Such power is derived from Section 1446 of the Penal Code, which is in these words:

"A judgment that a defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine."

The preceding section provides "that when the defendant pleads guilty, or is convicted, either by a Court or by a jury, the Court must render judgment thereon of fine or imprisonment, or both as the case may be."

We are of opinion that the judgment of the justice to warrant imprisonment of a person convicted as was the petitioner, must be given and rendered in accordance with the provisions of Section 1446, and must contain the elements

therein prescribed. In our view such is the direction of this section (which relates to Justices' Courts), and this is made clearer by the requirements of the preceding section—1445. Both sections relate to the entry of judgments and direct what they must contain. Therefore it must be adjudged that the defendant pay a fine, specifying the amount, and in case the fine be not paid within a period specified in the judgment, that he (the defendant) be imprisoned until the fine is satisfied, in the proportion of one day's imprisonment for every dollar of the fine—as in the case before us the judgment should have been, "that the defendant pay a fine of fifty dollars, and in case said fine be not paid by the —— day of —— that the defendant be imprisoned until the fine be duly satisfied, in the proportion of one day's imprisonment for every dollar of the fine, and on the payment of such portion of said fine as shall not have been satisfied by imprisonment at the rate above prescribed, that the defendant be discharged from custody."

The judgment as rendered and entered was beyond the power vested in the justice to render, so far as it adjudged imprisonment; as to the imprisonment of the defendant it is void, and affords no authority to any officer to hold him in custody. (*Ex parte Lange*, 18 Wall. 163). As the judgment in this case is rendered, the officer holding the prisoner in custody could not release him even if he had suffered imprisonment for forty-nine days, unless the defendant paid the whole fine.

The judgments in *Ex parte Kelly*, 28 Cal. 414, and *Ex parte Chin Yan*, 8 Pac. C. Law Journal, 1113, are different from the judgment in this case, as will be apparent on comparing them. *Ex parte Ellis*, 54 Cal. 204, was decided on a section of the Penal Code (1205) different in its language from Section 1446, on which this cause turns.

The petitioner is hereby ordered to be set at liberty.

Morrison, C. J., and Sharpstein, J., concurred.