[No. 20721. In Chambers. — July 21, 1890.]

Ex parte JAMES CASEY, on HABEAS CORPUS.

CRIMINAL LAW — MISDEMEANOR — JUDGMENT FOR FINE ONLY — IMPRISONMENT FOR NON-PAYMENT. — When the judgment for a misdemeanor is for fine only, it may also direct that the defendant be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which must not exceed one day for every dollar of the fine.

ID. — LIMIT OF IMPRISONMENT.— Such imprisonment for non-payment of the fine is not limited to the maximum of the period for which imprisonment might be imposed directly as a means of punishment.

ID. — AVOIDING IMPRISONMENT FOR NON-PAYMENT OF FINE. —The defendant may avoid imprisonment for non-payment of a fine, or secure his discharge at any time, by payment of the fine, or of the remainder thereof, after deducting the specified *per diem* for the number of days of his imprisonment.

APPLICATION to Mr Justice Fox for a writ of *habeas corpus*. The facts are stated in the opinion.

*Carroll Cook*, and *J. E. Foulds*, for Petitioner.

Fox, J. — The prisoner was convicted of misdemeanor in the police court of the city and county of San Francisco, and fined five hundred dollars, "and in default of payment of said fine, to be imprisoned in the county jail of the city and county of San Francisco, state of California, at the rate of one day for each one dollar of such fine, until said fine is satisfied."

It is conceded that the offense of which the prisoner was convicted is punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both. (Pen. Code, sec. 19.)

In this case the court imposed the fine only, with the alternative of imprisonment, in case of default in payment of the fine, not exceeding one day for each dollar of such fine, unless the same was satisfied. Under this judgment the prisoner has been in jail six months, and it is claimed that he is now entitled to be discharged; it being insisted on his behalf that the court had no jurisdiction to impose such a fine, or make such an apportionment thereof as would extend the period of imprisonment for non-payment thereof beyond the period of six months, — the maximum term of imprisonment which the court could have imposed if it had selected that mode of punishment.

*Ex parte Wadleigh*, 82 Cal. 518, and *Ex parte Rosenheim*, 83 Cal. 388, are relied upon in support of this contention.

All that was determined in *Ex parte Wadleigh* was, that a prisoner is entitled to his discharge from the state prison when he has served out the term prescribed by the judgment of imprisonment, less the credits which have been allowed him under the law, and that a judgment imposing imprisonment *in the state prison* in default of the payment of a fine is void, — affirming in the latter regard the decision in *Ex parte Arras*, 78 Cal. 304. In

*Ex parte Rosenheim*, the court held that where the court, by its judgment, imposed both imprisonment and fine, it could not add a further imprisonment in default of the payment of the fine, holding that the intention of the legislature to make imprisonment for the collection of fine, or in default of payment of fine, applicable to such cases, "is not clearly and with certainty expressed in the language used" in section 1205 of the Penal Code. But it is clearly expressed in that section that where the judgment is for fine only, it may also direct that the defendant be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which must not exceed one day for every dollar of the fine. There is nothing here or elsewhere in the statute to limit the extent of such imprisonment to the maximum of the period which might have been imposed if imprisonment alone had been adopted as the means of punishment. And properly so; for so far as the law is concerned, the defendant may avoid imprisonment entirely, or secure his discharge at any time, by payment of the fine, or such part of it as remains due after deducting the specified *per diem* for the number of days he may have remained in prison. (*Ex parte Kelly*, 28 Cal. 414.)

Again, it being conceded, and that being the express provision of the statute, that the court had jurisdiction to impose a fine of five hundred dollars, it had full power to apportion the imprisonment for non-payment at the rate of one day for each dollar of such fine, under section 1446, Penal Code, in relation to proceedings in justices' and police courts.

In *Ex parte Wadleigh*, the prisoner was discharged because the legislature had not in terms authorized the imprisonment in default of payment of the fine. In this case it has, in express terms, in at least two separate sections, made such provision.

Writ discharged, and prisoner remanded.