88   579
88   628
88   630

[No. 20818.   In Bank. — April 2, 1891.]

EX PARTE FRANK ERDMANN, ON HABEAS CORPUS.

CRIMINAL LAW — MISDEMEANOR — IMPRISONMENT FOR NON-PAYMENT OF FINE — MAXIMUM LIMIT — HABEAS CORPUS. — A defendant convicted of a simple assault, and sentenced under section 1205 of the Penal Code to pay a fine of five hundred dollars, and in default of payment to be imprisoned at the rate of one day for each dollar until the fine should be satisfied, is entitled to a discharge on *habeas corpus* after the expiration of the maximum term of imprisonment allowed by statute as a punishment for the offense.

APPLICATION to the Supreme Court for a discharge from imprisonment on a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*L. E. Phillips*, for Petitioner.

*J. A. Hosmer*, for Respondent.

The COURT. — On February 14, 1890, the petitioner was convicted of a simple assault in Police Court No. 2, of San Francisco, and sentenced, under section 1205 of the Penal Code, to pay a fine of five hundred dollars, and in default of payment to be imprisoned in the county jail at the rate of one day for each dollar until the fine should be satisfied. The maximum of imprisonment for said offense is "not exceeding three months" (Pen. Code, sec. 241), although a fine of five hundred dollars may also be imposed. Under the sentence of fine imposed by the court, petitioner has already been in jail considerably over a year; and he contends that, for the purpose of enforcing the fine, he cannot legally be imprisoned longer than the maximum term of three months.

The question has been presented to us heretofore, when there was some difference of opinion in regard to it. As the legislature, at its recent session, amended said section 1205 so as to expressly provide that imprisonment to enforce a fine must "not extend, in any case, beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted," we think that former doubts on the subject should, in justice, be resolved in favor of the petitioner.

It is ordered that petitioner Frank Erdmann be discharged from custody.