[No. 20931.   In Bank. — October 6, 1892.]

## EX PARTE E. NOBLE, ON HABEAS CORPUS.

CRIMINAL LAW — SENTENCE FOR MISDEMEANOR — PAYMENT OF FINE "FORTHWITH." — A judgment that a defendant convicted of a misdemeanor pay a fine and be imprisoned until it is paid is not void because it provides for the payment of the fine "forthwith."

ID. — IMPRISONMENT FOR NON-PAYMENT OF FINE — RATE OF PAYMENT. — A judgment that a defendant convicted of a misdemeanor pay a fine, and in case of its non-payment, that he be imprisoned in the county jail until the fine be paid in proportion of one day's imprisonment for every two dollars of the fine, is within the provision of section 1446 of the Penal Code, and is not invalid, because it might have made the rate one day for every dollar.

ID. — VIOLATION OF ORDINANCE — PUBLICATION OF ORDINANCE — QUESTION OF FACT — PROVINCE OF TRIAL COURT — HABEAS CORPUS. — Whether an ordinance which a defendant has been found guilty of violating was properly published is a mere question of fact for the trial court to de-

termine, and the defendant is not entitled to be discharged from imprisonment upon a writ of *habeas corpus* because the return of the sheriff does not show that the ordinance was properly published.

ID. — FUNCTION OF WRIT OF HABEAS CORPUS. — A writ of *habeas corpus* cannot be used as a means of retrying issues of fact, or of reviewing errors alleged to have been committed in the course of a legal trial.

ID. — JURISDICTION OF JUSTICE OF THE PEACE — COUNTY ORDINANCE — PROHIBITION OF SALE OF LIQUORS. — A justice of the peace has jurisdiction to try a misdemeanor consisting of the violation of a county ordinance prohibiting the keeping of a place where intoxicating liquors are sold.

ID. — DETERMINATION OF JURISDICTIONAL FACTS — JUSTICE'S COURT. — A justice's court has power to pass upon and conclusively determine facts upon which its jurisdiction in part depends.

APPLICATION to the Supreme Court for a discharge from imprisonment upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*R. Clark*, and *M. C. Barney*, for Petitioner.

*District Attorney K. S. Mahon, contra.*

McFARLAND, J. — The petitioner was convicted in a justice's court of a misdemeanor in maintaining a place where intoxicating liquors were sold, in violation of an ordinance of Sutter County, and sentenced to pay a fine of twenty-five dollars, and to be imprisoned until it was paid at the rate of two dollars a day. An appeal was taken by petitioner to the superior court of said Sutter County, and the judgment was affirmed.

The point, elaborately argued by counsel for petitioner, that the ordinance in question is " in conflict with general laws," and therefore void, was decided by this court adversely to petitioner's contention in *Ex parte Campbell*, 74 Cal. 20; 5 Am. St. Rep. 418.

There is nothing in the point that the judgment is void because it provides for the payment of the fine " forthwith." Such a judgment would necessarily take effect forthwith, even though the latter word were not used.

The judgment that petitioner pay a fine of twenty-five dollars, and in case said fine is not paid forthwith, that he " be imprisoned in the county jail of Sutter County

until the fine be paid in proportion of one day's imprisonment for every two dollars of the fine," is clearly within the provision of section 1446 of the Penal Code. The judgment is not invalid because it requires the petitioner to be imprisoned only at the rate of one day for every two dollars of the fine, while it might have made the rate one day for every dollar. (*Ex parte Soto*, 88 Cal. 624.)

The point that petitioner should be discharged because the return of the sheriff does not show that the ordinance was properly published, etc., is not tenable. The sheriff was only required to return the commitment, which was a copy of the judgment. Whether the ordinance was published, whether there was proof of publication, and whether the ordinance was properly passed, etc., were mere questions of fact to be passed upon by the trial court; and the writ of *habeas corpus* is not intended as a means of retrying issues of fact, or of reviewing errors alleged to have been committed in the course of a legal trial. (*Ex parte Cottrell*, 59 Cal. 420.) If there were any such errors, petitioner had a remedy by appeal to the superior court; and as he did take such appeal, and the judgment was affirmed, it might be at least plausibly argued that we are now dealing with the judgment of a superior court. But apart from that consideration, a justice's court has power to pass upon and conclusively determine facts upon which its jurisdiction in part depends. (*In re Grove Street*, 61 Cal. 453; *Ex parte Stearns*, 77 Cal. 162, 163; 11 Am. St. Rep. 251.) There is nothing in *Ex parte Kearny*, 55 Cal. 212, to help petitioner's contention. It was merely held there that the court on *habeas corpus* could look into the complaint to see if it charged an offense under the ordinance there in question; but the court said: " We have assumed that the existence of the ordinances which, as claimed, gave the police court the appropriate jurisdiction, and the publication thereof, supposing the publication to be inquirable into by the court, were matters to be ascertained by the police court, and that on *habeas corpus* we ought not

to go behind the finding of the police court with respect to such matters."

Justices of the peace have jurisdiction to try misdemeanors such as that of which petitioner was convicted. (Code Civ. Proc., sec. 115.)

The prayer of the petition is denied, and the petitioner is remanded to the custody of the officer.

SHARPSTEIN, J., PATERSON, J., and BEATTY, J., concurred.

DE HAVEN, J., concurring. — I concur in the judgment. Under section 1446 of the Penal Code, the justice of the peace, if he desired to enforce the collection of the fine imposed upon the petitioner by imprisonment, should have directed in his judgment that he be imprisoned in the county jail "until the fine be satisfied in the proportion of one day's imprisonment for every dollar of the fine," instead of one day for "every two dollars of the fine." But this error of the justice in favor of the petitioner did not make the judgment which he gave wholly void.

I concur in the opinion of Mr. Justice McFarland upon the other points therein discussed.