People, Plaintiff and Appellee, *v.* Rivera et al., Defendants and Appellants.

Appeal from the District Court of Humacao in a Prosecution for Violation of Section 519 of the Penal Code.

No. 1558.—Decided December 21, 1920.

Fine—Alternative Imprisonment.—When a court imposes a fine upon a defendant it may impose imprisonment in case the fine should not be paid, but the term of imprisonment shall not exceed the maximum imprisonment to which he could have been sentenced for the crime. If the imprisonment fixed in the judgment should exceed that term, the judgment will be corrected on appeal.

The facts are stated in the opinion.

*Mr. J. Soto Rivera* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

Miguel A. López and Perfecto Rivera were found guilty of violating section 519 of the Penal Code and sentenced to pay "a fine of fifty dollars each, or to one day's imprisonment for each dollar remaining unpaid."

They appealed to this court, but did not bring up a statement of the case or file a brief. The papers sent up by the clerk show no grounds for a reversal of the judgment.

The only question to be considered is raised by the *Fiscal* of the Supreme Court in a motion that the judgment be modified to the effect that the alternative imprisonment shall not exceed thirty days.

In our opinion the *Fiscal* is right. Section 519 of the Penal Code makes the offense of which the defendants were convicted punishable "by a fine of not more than fifty dollars, or by imprisonment not to exceed thirty days, or by both

penalties, at the discretion of the court." The trial court only sentenced the defendants to pay a fine of fifty dollars each, but on the condition that if the fines were not paid, then they should be imprisoned one day for each dollar not paid. Did the court have authority to pass such a sentence? There is no doubt that the court had the power to order that if the defendants failed to pay the fine they should be imprisoned, but it was the duty of the court to specify the extent of the imprisonment, which, according to the Spanish text of section 322 of the Code of Criminal Procedure, must not exceed one day for each dollar of the fine, nor extend beyond the term "to which the defendant may be sentenced for the offense of which he was convicted," and, according to the English text, "for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

The English text is the same as section 1205 of the Penal Code of California and in construing that section the Supreme Court of California said:

"A defendant convicted of simple assault, and sentenced under section 1205 of the Penal Code to pay a fine of five hundred dollars, and in default of payment to be imprisoned at the rate of one day for each dollar until the fine should be satisfied, is entitled to a discharge on *habeas corpus* after the expiration of the maximum term of imprisonment allowed by statute as a punishment for the offense." *Ex parte Erdmann,* 88 Cal. 579.

For the foregoing reasons we are of the opinion that the judgment appealed from should be modified in the manner suggested by the *Fiscal.*

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.