[Crim. No. 2556. In Bank.—April 11, 1923.]

## In the Matter of the Application of J. H. KENNERLY for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—FINE—IMPRISONMENT FOR NONPAYMENT—SECTIONS 1205 AND 1446, PENAL CODE — CONSTRUCTION OF — INTOXICATING LIQUORS.—Under section 1446 of the Penal Code, dealing with proceedings in a justice's court, and which authorizes an imprisonment until the satisfaction of an imposed fine in the proportion of one day's imprisonment for every dollar of the fine, a justice's court may, upon imposing a fine for a first offense of having intoxicating liquor in possession in violation of the Wright Act, direct the imprisonment of the defendant until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine; and section 1205 of the Penal Code, providing that the term of imprisonment for the nonpayment of fine

cannot exceed the term of imprisonment provided by the law for the particular offense in question, relates to proceedings in the superior court.

PROCEEDING on Habeas Corpus to secure release from custody after conviction of possessing intoxicating liquor. Petitioner remanded.

The facts are stated in the opinion of the court.

Gearhart, Carling & Cummings for Petitioner.

WILBUR, C. J.—The petitioner was convicted of having intoxicating liquor in his possession. It was his first offense. The penalty therefor under the Wright Act was a fine of not exceeding five hundred dollars. He was fined five hundred dollars and in addition it was directed that he be imprisoned in the county jail of the county of Fresno until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine.

The petitioner's application is based upon the proposition that inasmuch as the state law provides no term of imprisonment for the first offense of having liquor in possession, section 1205 of the Penal Code expressly prohibits any imposition of imprisonment for nonpayment of a fine "beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted." It is therefore contended that the portion of the judgment sentencing the defendant to imprisonment for nonpayment of fine is void.

The question thus raised is not free from difficulty. There is a great diversity of decision in the various opinions rendered by this court from time to time, due, no doubt, to the hasty consideration of applications for relief from imprisonment and the prompt determination of the cases thus considered.

It is clear that section 1205 of the Penal Code relates to proceedings in the superior court. Beginning with title III of part II of the Penal Code, the code deals primarily with proceedings in the superior court after indictment or upon information; for instance, title III is, "Proceedings in Criminal Actions Prosecuted by Indictment, to the

Commitment, Inclusive." Title IV, "Proceedings After Commitment and Before Indictment." Title V, "The Indictment." Title VI, "Pleadings and Proceedings After Indictment and Before the Commencement of the Trial." Title VII, "Proceedings After the Commencement of the Trial and Before Judgment." Title VIII, "Judgment and Execution," while Title XI, in which section 1446 of the Penal Code is found, is entitled "Proceedings in Justices' and Police Courts and Appeals to Superior Courts," and chapter I, containing sections 1425 to 1461, inclusive, is headed "Proceedings in Justices' and Police Courts."

The Political Code gives us the rule of construction which will apply in case of conflict between different sections of the code. Political Code, section 4481, provides that "If the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject matter of such title." Section 4482 provides: "If the provisions of any chapter conflict with or contravene the provisions of another chapter of the same title, the provisions of each chapter must prevail as to all matters and questions arising out of the subject matter of such chapter." Section 4483 provides: "If the provisions of any article conflict with or contravene the provisions of another article of the same chapter, the provisions of each article must prevail as to all matters and questions arising out of the subject-matter of such article."

Under these provisions of the code established for its own interpretation it would seem clear that if there is a conflict between section 1205 of the Penal Code, relating to proceedings in the superior court, and section 1446, relating to proceedings in the justices' or police courts, that each should prevail in its own proper domain; that the provision in section 1205 that the term of imprisonment for the non-payment of fine cannot exceed the term of imprisonment provided by the law for the particular offense in question is in conflict with the provisions of section 1446, which authorizes an imprisonment at the rate of one dollar per day for the nonpayment of fine, is well illustrated by the case at bar, in which, under the terms of section 1446, the petitioner may be imprisoned five hundred days, whereas

under the provisions of section 1205 he cannot be im-
prisoned at all.

Without considering any of the previous decisions of the
court, and treating the matter as a new one for the con-
struction of the code sections bearing upon the subject, it
would seem clear that the case is controlled by section
1446, dealing with proceedings in a justice's court.

It may be well at this juncture to call attention to some
of the confusion resulting from previous decisions and then
to attempt to reach a conclusion as to the proper disposi-
tion of the case at bar. In *Ex parte Kelly*, 28 Cal. 414,
it was held that imprisonment for the nonpayment of a
five thousand dollar fine might extend to two thousand five
hundred days, although the term of imprisonment for the
same offense was a much less time. The court reached its
conclusion upon the ground that the imprisonment for non-
payment of fine was merely a method of enforcing the pay-
ment of the fine. In that connection it was said:

"The mere fact that by its operation the defendant may
be imprisoned in the County Jail, by way of enforcing pay-
ment or satisfaction of his fine, for a longer period than he
could be lawfully imprisoned in the State Prison by way
of punishment, is entitled to no weight. The latter im-
prisonment is the punishment or a part of it; but the
former is no part of the punishment *per se,* but is merely
one of the modes by which the law enforces the satisfaction
of the fine which is in itself the punishment or a part of it.
The punishment fixed by the statute is imprisonment in the
State Prison, or fine, or both; all beyond is mere mode and
manner of enforcement. The first is to be satisfied by
serving out the prescribed term in the State Prison, and in
that way only; but the latter may be satisfied in either of
three ways, by voluntary payment of the amount of the
fine, or by its collection under execution as in the case of
a judgment in a civil action (Crim. Prac., sec. 461); or by
imprisonment in the County Jail not exceeding one day for
every two dollars of the fine. The alleged incongruity is
apparent only when the mere mode and manner of enforc-
ing the punishment is confounded with the punishment
itself and regarded as a part of it, but it wholly disap-
pears when the obvious distinction between the two is kept
in view. . . . "

This was but an elaboration of the same conclusion expressed in *People v. Markham,* 7 Cal. 208, 209, where it was said:

"The act of 1855 must be construed with reference to the section above quoted, and as there is no conflict between them, both must stand. But it is said, this will be virtually convicting a man under one law, and punishing him by the provisions of another. The answer to this is, that the imprisonment is not a punishment, but a means of enforcing a payment of the fine, and, even if it should be regarded as a punishment, it would make no difference, as the provisions of this law must be regulated by those of the general act on the same subject, inasmuch as there is no contradiction. . . . "

Both of these decisions were based upon section 460 of the Criminal Practice Act of 1851 (Stats. 1851, p. 263), as follows: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed ten days for every hundred dollars of the fine, or in that proportion." This section of the Practice Act was amended in 1857 (Stats. 1857, p. 164) to read as follows: "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every two dollars of the fine, or in that proportion." It was under this latter amendment that the decision of *Ex parte Kelly, supra,* was rendered, sustaining a commitment which for nonpayment of fine might extend to two thousand five hundred days, although the term of imprisonment fixed for the offense of which the petitioner was convicted was two years' imprisonment.

Section 1446 of the Penal Code originally appeared in the Criminal Practice Act as section 626, contained in part V of that act, "Of Proceedings in Justices', Recorders', and Mayors' Courts." The section then read as follows: "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be paid or satisfied."

In 1857 (Stats. 1857, c. 126, p. 151) the legislature passed a statute concerning persons under sentence of imprisonment wherein it authorized boards of supervisors of each

county to cause persons in the county jail under sentence of imprisonment to labor upon public or private work. This statute contained the following provision: "Sec. 2. When a person shall be imprisoned for nonpayment of a fine, or until a fine be paid, the imprisonment may extend to, but shall not exceed one day for every two dollars of the fine, and the costs that may be due from the person imprisoned, in the prosecution in which the fine was adjudged."

Section 1446 of the Penal Code as originally enacted read as follows: "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every two dollars of the fine." This was amended in 1873–74 (Stats. 1873–74, p. 455) to read: "be satisfied, in the proportion of one day's imprisonment for every dollar of the fine." This section has not since been amended unless by implication.

Section 1205 of the Penal Code was also amended in 1873–74 (Stats. 1873–74, p. 455) so that the imprisonment could not exceed one day for each dollar of the fine. These two sections remained the same until 1891, when section 1205 was amended in its present form, fixing the imprisonment at one day for each two dollars of the fine and providing that the term of imprisonment could not exceed the term "for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

In the decisions rendered on *habeas corpus* the court has frequently used sections 1446 and 1205 interchangeably and without reference to the fact that one applied to the superior court and the other to the justices' or recorders' courts.

For instance, in *Ex parte Ellis,* 54 Cal. 204, the petitioner had been committed by a justice of the peace for nonpayment of fine. In passing upon the case the court said that the judgment conformed to the provisions of section 1205 of the Penal Code. Inasmuch as it also conformed to section 1446 of the Penal Code, relating to justices' courts, the erroneous reference is immaterial, for between 1873–74 and 1891 the two sections were practically identical, both having been amended by the same act of the legislature (Amendments to Pen. Code, 1873–74, p. 455).

The cases of *Ex parte Ellis,* 54 Cal. 204, *Ex parte Chin Yan,* 60 Cal. 78, and *Ex parte Baldwin,* 60 Cal. 432, all dealt with imprisonment for nonpayment of fine under judgments rendered by justices of the peace or police court judges. Notwithstanding that fact, in *Ex parte Baldwin, supra,* the court distinguished that case from *Ex parte Ellis, supra,* and *Ex parte Chin Yan, supra,* upon the ground that the former were judgments rendered under section 1205 of the Penal Code. The question involved there is of no importance here, but these decisions illustrate the confusion resulting from the failure to apply these two sections to the judgments of the courts to which they were respectively applicable.

In the case of *Ex parte Miller,* 82 Cal. 454 [22 Pac 1113], the petitioner was convicted of a misdemeanor for the violation of an ordinance which only authorized the imposition of a fine. It was therefore claimed that the judgment imprisoning the petitioner for the nonpayment of fine was not valid. That matter was disposed of as follows: "But the offense for which the petitioner was convicted was a misdemeanor, and the code provides for such imprisonment as a means of enforcing the fine." The principle enunciated in *Ex parte Kelly, supra,* that the imprisonment for nonpayment of fine is merely a method of enforcing the payment of the fine is thus again declared.

In *Ex parte Arras,* 78 Cal. 304 [20 Pac. 683], it was held that a judgment for imprisonment in the state prison for the nonpayment of a fine was void, the court intimating that the imprisonment should be in the county jail. In *Ex parte Wadleigh,* 82 Cal. 518 [23 Pac. 190], this view was confirmed. Justice McFarland, however, in a concurring opinion, expressed a doubt as to whether or not the term of imprisonment for nonpayment of a fine could exceed the term of imprisonment provided for the particular offense. Justice Patterson, who concurred in this view, wrote an opinion in the matter of *In re Mulholland,* 97 Cal. 527 [32 Pac. 568], in which he held that notwithstanding the amendment of section 1205 of the Penal Code in 1891 changing the rate of imprisonment to two dollars per day instead of one dollar per day, that section 1446 of the Penal Code still controlled in justices' and police courts and that the imprisonment in such courts under section

1446 of the Penal Code could be at the rate of one dollar for each day, and a judgment imposing an imprisonment at the rate of one dollar per day for nonpayment of a fine of fifty dollars was sustained by him. It is important to notice that although this decision is recorded by the reporter as an application to the supreme court for relief upon *habeas corpus,* that the opinion is that of Justice Patterson alone, as is made evident by an inspection of the original opinion now on file at Sacramento. It is therefore only entitled to the weight of his individual opinion.

In *Ex parte Casey,* 85 Cal. 36 [24 Pac. 599], we have also the opinion of a single justice on *habeas corpus.* Mr. Justice Fox expressed the opinion that the term of imprisonment for nonpayment of a fine under section 1446 of the Penal Code might exceed the time fixed as the term of imprisonment for the offense, basing his decision in part upon *Ex parte Kelly, supra,* and distinguishing the cases of *Ex parte Wadleigh, supra,* and *Ex parte Rosenheim,* 83 Cal. 388 [23 Pac. 372], and *Ex parte Arras, supra.*

The case of *Ex parte Erdman,* 88 Cal. 579 [26 Pac. 372], is confidently relied upon by the petitioner as decisive of the question involved on his application for relief. This was an opinion by the court in bank. The petitioner had been sentenced to pay a fine of five hundred dollars and in default of payment to be imprisoned in the county jail at the rate of one day for each dollar until the fine be satisfied. The maximum term of imprisonment for the offense was not exceeding three months. The prisoner contended that he could not be imprisoned for more than three months for the nonpayment of fine, and having been so imprisoned he sought relief. The court there stated: "The question has been presented to us heretofore, when there was some difference of opinion in regard to it. As the legislature, at its recent session, amended said section 1205 so as to expressly provide that imprisonment to enforce a fine must 'not extend, in any case, beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted,' we think that former doubts on the subject should, in justice, be resolved in favor of the petitioner." This conclusion is reached by the erroneous assumption that the prisoner was

sentenced under section 1205 of the Penal Code by a police court. This decision amounts simply to this assertion by the court: "We have heretofore been in doubt as to whether or not the term of imprisonment for nonpayment of fine can exceed the term of imprisonment fixed by the law for the given offense. The legislature having expressly provided by section 1205 of the Penal Code that such a term cannot exceed the term of imprisonment provided by the offense, we will accept the opinion of the legislature although it was not expressed until after the sentence, and we will discharge the prisoner." The court apparently overlooked the fact that section 1205 did not apply to a police court, and that the sentence there under consideration was one by such court. The court did not pass upon the question as to whether or not the amendment of section 1205, general in its terms, applied to both superior and justices' courts, because the sentence involved in that case was imposed before the amendment became effective, and, of course, that question was not involved. There was no citation of the case of *Ex parte Kelly, supra,* in which it had been affirmatively established that the term of imprisonment for nonpayment of fine might exceed that for the offense by many years. The question presented to us is whether or not we shall follow this case as an authority, for, admittedly, it holds that a judgment for nonpayment of a fine rendered by a justice's court cannot exceed the term of imprisonment for the offense.

Notwithtanding the fact that *Ex parte Erdman, supra,* decided April 2, 1891, assumed that section 1205 of the Penal Code applied to a police court sentence, in *Ex parte Soto,* 88 Cal. 624 [26 Pac. 530], decided the same month, the decision was devoted entirely to a consideration of the question of whether or not a conviction in a recorder's court, followed by a sentence to imprisonment in the city jail in the proportion of one day's imprisonment for each two dollars of the unpaid portion of the fine, was a valid judgment. The recorder, in imposing the sentence, had apparently followed the provisions of section 1205, which had been approved by the Governor March 10, 1891, but had not yet gone into effect. Three of the justices were of the opinion that under section 1446 of the Penal Code the judgment of the justice's court might provide for a

greater allowance to the prisoner for each day of imprisonment than one dollar per day. Three were of the opinion that the section did not authorize such a judgment, but two of them, Justices De Haven and Harrison, were of the opinion that the question could not be raised on *habeas corpus*. Later, however, the opinion expressed by Mr. Justice Beatty in *Ex parte Soto, supra*, was concurred in by four justices of the supreme court, including Justice Sharpstein, who did not participate in *Ex parte Soto, supra*, and thus became the opinion of the supreme court (*Ex parte Noble*, 96 Cal. 362 [31 Pac. 224]). This decision is only of importance in the case at bar because it is expressly based upon the proposition that section 1446 was still applicable to justices' courts, for section 1205 expressly provided for the rate of imprisonment of one day for each two dollars, and this section as thus amended was in force at the time of the imposition of the sentence considered in *Ex parte Noble, supra*, and unless section 1446 was still in force in justices' courts, the mere reference to section 1205 would have been sufficient authority for affirming the imprisonment at the rate of two dollars per day.

As we have already pointed out, the case of *Ex parte Erdman, supra*, was not based upon the limitation expressed in section 1205 of the Penal Code nor upon any distinction between sections 1205 and 1446 of the Penal Code, but upon the proposition that the extent of the imprisonment for nonpayment of fine could not exceed the term of imprisonment provided for the offense. This case, however, is not the latest expression of this court upon that subject. In *Ex parte Karlson*, 160 Cal. 378 [Ann. Cas. 1912D, 1334, 117 Pac. 447], the court had under consideration a sentence for contempt. The petitioner had been fined in the sum of two hundred dollars, and it was provided "upon his failure to pay such fine he be committed to the county jail until such fine is paid at the rate of one day's imprisonment for each two dollars of said fine." The court held that this imprisonment for the nonpayment of the fine was valid notwithstanding the fact that the power to imprison for contempt was limited to five days (Code Civ. Proc., sec. 1218). The court held that the power to imprison for nonpayment of fine existed at common law; that section 1205 of the Penal

Code did not apply to nor limit the powers of the superior court to punish for contempt and remanded the prisoner notwithstanding the fact that the term of five days had already been served by him. This case must be taken as a repudiation of the doctrine that there is any inherent restriction upon the power to imprison for nonpayment of fine, merely because the legislature has fixed a term of imprisonment as a punishment for the offense which may be less than the term of imprisonment for the nonpayment of a fine. It was suggested by Justice Angellotti in his dissenting opinion that the result reached by the court might justify permanent imprisonment where the party was unable to pay the fine. The answer of a majority of this court to this proposition was that excessive fines and imprisonment were prohibited by the Constitution, and consequently, if the imprisonment was thus excessive, there would be relief under the constitutional provision limiting the power of courts to impose excessive imprisonment. In this connection it should be noted that in a recent case (*In re Garner*, 179 Cal. 409 [177 Pac. 162]), the provisions of section 1218 of the Code of Civil Procedure limiting the power to punish for contempt by imprisonment for five days was sustained as a constitutional limitation upon the inherent power of the court to punish for contempt. The cases of *Ex parte Karlson, supra,* and *Ex parte Crittenden,* 62 Cal. 534, were based upon the fundamental proposition laid down in *Ex parte Kelly, supra,* that imprisonment for nonpayment of fine is not a punishment in addition to the fine, but a mere method of enforcing the collection of the fine. In the case of *Ex parte Karlson, supra,* the following is quoted from *Ex parte Crittenden, supra:* ''The payment of the fine is the punishment. The awarding or infliction of the fine is no punishment. The commitment is an incident of the fine. It is not, in any manner, the 'imprisonment' allowed by the statute. The payment of the fine, and a commitment for not paying it, cannot coexist. The commitment is not a separate punishment or imprisonment added to the payment of a fine. It is in this view that it has always been held that where a statute authorizes or prescribes the infliction of a fine as a punishment, either for a contempt of court or for a defined offense, it is lawful for the court inflicting the fine to direct that the party

stand committed until the fine is paid, although there be no specific affirmative grant of power in the statute to make such direction.''

In so far, then, as the case of *Ex parte Erdman, supra,* decided in 1891, lays down principles in conflict with the case of *Ex parte Kelly,* decided in 1865, and *People* v. *Markham, supra,* decided in 1857, it was in effect overruled by *Ex parte Karlson, supra,* decided in 1911. We are therefore free to consider the question here involved upon its merits and in consonance with the decisions sustaining the power to punish by imprisonment for nonpayment of a fine as an incident to the collection of the fine.

If the conviction was in the superior court the limitation in section 1205 of the Penal Code would clearly apply and require the discharge of the petitioner, but the conviction in this case was in the justice's court, and section 1446 of the Penal Code applies unless the amendment to section 1205 in 1891 was a limitation upon justices' courts as well as upon superior courts. We may say that the latter point is not advanced by the petitioner and it is clear that it is not tenable for the reasons heretofore given.

[1] We conclude, then, that under the provisions of section 1446 of the Penal Code a justice's court may, upon imposing a fine for the offense of having intoxicating liquor in possession, direct the imprisonment of the defendant in accordance with the provisions of section 1446; that is to say, at the rate of one dollar per day until the fine be satisfied.

Petitioner remanded.

Myers, J., Lawlor, J., Lennon, J., Waste, J., Kerrigan, J., and Seawell, J., concurred.