[No. 21000.   In Chambers. — March 16, 1893.]

## IN THE MATTER OF HUGH MULHOLLAND, ON HABEAS CORPUS.

CRIMINAL LAW — SENTENCE — IMPRISONMENT FOR NON-PAYMENT OF FINE — POWERS OF INFERIOR COURTS — PENAL CODE. — Section 1446 of the Penal Code, relating to proceedings in justices' and police courts, and providing that a judgment that a defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, in the proportion of one day's imprisonment for every dollar of the fine, was not affected by the amendment of March 19, 1891 (Stats. 1891, p. 52), to section 1205 of the same code, which is a limitation upon the powers of the superior court, and provides that the judgment of imprisonment shall not exceed one day for every two dollars of the fine, nor extend in any case beyond the term for which the defendant might be imprisoned.

ID. — DIFFERENT DEGREES OF PUNISHMENT — VALIDITY OF STATUTE. — The fact that criminals may be subjected to different degrees of punishment for the same offense in different courts, in the exercise of a limited discretion, does not affect the validity of the law.

ID. — SENTENCE OF POLICE COURT — HABEAS CORPUS. — A defendant convicted in the police court of a crime for which the punishment by imprisonment could not exceed fifty days, and sentenced to pay a fine of one hundred dollars, at the rate of one day for each dollar of the fine remaining unpaid, is not entitled to release upon *habeas corpus*.

APPLICATION to the Supreme Court for a release upon *habeas corpus*. The facts are stated in the opinion of the court.

*N. S. Wirt*, for Petitioner

PATERSON, J. — The petitioner was convicted in the police court of the city and county of San Francisco, January 16, 1893, of the crime of battery, and sentenced

to pay a fine of one hundred dollars, or in default of the payment thereof, to be imprisoned at the rate of one day for each dollar of .said fine remaining unpaid.

The petitioner claims that the court below had no authority to imprison him for more than fifty days; that the sentence ought to have been no greater than one day for each two dollars of the fine. In support of this contention he relies upon section 1205 of the Penal Code as amended March 19, 1891. (Stats. 1891, p. 52.) That section, as originally incorporated into the code, provided that the judgment should specify the extent of imprisonment, "which could not exceed one day for every two dollars of the fine." Section 1446 of the Penal Code, relating to proceedings in justice's and police courts, provided that a judgment that the defendant pay a fine might also direct that he be imprisoned until the fine is satisfied, in the proportion of one day's imprisonment for every two dollars of the fine. Both of these sections were amended in 1874 by inserting the words "one dollar" in lieu of the words "two dollars," as used in each section. Section 1446 has remained the same as thus amended. The amendment to section 1205, approved March 10, 1891, provides that the imprisonment "must not exceed one day for every two dollars of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

In my judgment, the recent amendment to section 1205 in no way affected the operation of section 1446. I think that the legislature intended that the justice's and police courts should remain clothed with the discretion which they have exercised under section 1446 ever since its adoption. The amendment to section 1205 is a limitation upon the powers of the superior courts, which alone have jurisdiction of misdemeanors —with one or two exceptions (Code Civ. Proc., sec. 115) —for which the punishment may be greater than six months' imprisonment, or five hundred dollars fine, or

both.   In certain cases the superior court may impose as a penalty for a misdemeanor several years' imprisonment in the county jail, or five thousand dollars, or both such fine and imprisonment.   It is altogether likely that the members of the legislature had observed in some instances an abuse of discretion in the exercise of this authority by the superior courts under the provisions of the statute, and desired to limit their power in that regard.

I do not think there is any merit in the point made by counsel for petitioner, that the "punishment must be the same in all courts for the same offense."   As was said in *Ex parte Soto*, 88 Cal. 627: "Section 1446 of the Penal Code does not imperatively require that the direction for imprisonment in case of non-payment of a fine shall be at the rate or in the proportion of one day for one dollar.   It is, in terms, permissive; the discretion of the magistrate is absolute whether or not to impose any imprisonment whatever."   The justice's and police courts having this discretion, and the court being limited in the exercise thereof to the maximum term of imprisonment prescribed as a penalty or part of the penalty, there is very little danger of petty offenders being subjected to a harsher or more burdensome rule than the one which is applied to more serious offenders.   It is true, a person charged with a felony may be convicted of a misdemeanor of which the justice's and police courts have jurisdiction, and be sentenced by the superior court to a greater term of imprisonment than he would have received if he had been tried before a justice of the peace for the same offense.   Such a thing is possible; but that fact does not invalidate the law.   The various superior and justice's courts throughout the state are constantly trying criminal cases of the same nature, and imposing different sentences.   It is impossible to lay down any fixed rule by which the judges may determine the exact penalty to be imposed in each case, and the fact that criminals are subjected

to different degrees of punishment for the same offense in different courts does not affect the validity of the law. (*Scrinegrour* v. *State*, 1 Chand. 51.)

The petitioner is remanded to the custody of the sheriff.