(174 App. Div. 281)

PEOPLE ex rel. OLSEN v. SHERIFF OF ERIE COUNTY.

(Supreme Court, Appellate Division, Fourth Department.   June 15, 1916.)

1. FISH ☞13(2)—STATUTES—VIOLATION—"TAKING."

Conservation Law, § 176, as added by Laws 1913, c. 508, declares that no person shall at any time of the year take or kill any quantity or number of fish protected by law, except as permitted, and that nets shall not be used to take fish, except as specially permitted, while section 177 declares that fish, except migratory food fish of the sea, shall only be taken by angling, unless otherwise permitted.   Section 182 declares that any person violating any of the provisions of part III, of which the above sections are a part, is guilty of a misdemeanor, and shall be liable to a penalty of $60.   Section 380, subd. 26, as added by Laws 1912, c. 318, declares that the word "taking" includes netting of fish, while sections 270 (as added by Laws 1913, c. 508) and 274 (as added by Laws 1912, c. 318) declare that, unless otherwise provided by the articles, nets may be used if a license shall first be obtained from the Conservation Commission, and that all nets shall be tagged and used in such a manner as may be prescribed by the commission.   The commission required nets to be buoyed and tagged so that the tag would show.   Accused used a net in taking fish, in violation of the rule of the commission.   *Held*, that he was guilty of a misdemeanor, and liable to the penalty prescribed.

[Ed. Note.—For other cases, see Fish, Cent. Dig. § 23;  Dec. Dig. ☞13(2).

For other definitions, see Words and Phrases, First and Second Series, Taking.]

2. FISH ☞14—OFFENSES—STATUTES.

Section 280 of the same law, as added by Laws 1913, c. 508, declares that the above sections shall only apply to the taking of fish from Lakes Erie and Ontario, the Hudson river, and the inland waters of the state, while section 284 declares that any person violating any section of part VIII, of which such section is a part, shall be guilty of a misdemeanor, and punishable by a fine of not less than $50 nor more than $200.   *Held*, that as section 280 applies to all the waters of the state, and is not confined to Lakes Erie and Ontario, etc., one using in Lake Erie a net in violation of the rules of the commission is subject to a penalty of $60, though he may be also subject to the penalty prescribed by section 284.

[Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 25, 26;  Dec. Dig. ☞14.]

3. CRIMINAL LAW ☞1206(1)—PUNISHMENT—STATUTES—VALIDITY.

A statute is not invalid, because for the same act a defendant may be liable for one penalty if prosecuted under one section, and another and different penalty if prosecuted under another section.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3271-3273, 3275;  Dec. Dig. ☞1206(1).]

4. HABEAS CORPUS ☞4—PROCEEDINGS FOR RELEASE—JURISDICTION.

Where, in a prosecution under the Conservation Law, the question as to which penalty defendant was subject to was raised, the court at Trial Term had jurisdiction to determine that question, and defendant, if dissatisfied, should seek his remedy by appeal, rather than by habeas corpus on the ground of want of jurisdiction, in that the wrong punishment had been assessed.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 4;  Dec. Dig. ☞4.]

Appeal from Special Term, Erie County.

Application by the People of the State of New York, on the relation of Alfred Olsen, for a writ of habeas corpus against the Sheriff of Erie County. From an order discharging relator from custody of the sheriff on the return of the writ, the sheriff appeals. Order reversed, and relator remanded to custody of sheriff.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Egburt E. Woodbury, Atty. Gen. (Walter F. Hofheins, of Buffalo, of counsel), for appellant.

Thomas H. Larkins, of Dunkirk, for respondent.

FOOTE, J. Relator was confined in the county jail of Erie county under a body execution issued upon a judgment recovered in the Supreme Court in Erie county on November 24, 1914, for a penalty of $60 and $72.64, costs, amounting in all to $135.67, upon the verdict of a jury in an action brought by the Attorney General, in the name of the people of the state, to recover the penalty prescribed in section 182 of the Conservation Law (chapter 647, Laws 1911, as amended by chapter 508, Laws 1913), for unlawfully and wrongfully using a gill net in the waters of Lake Erie, in violation of sections 176 and 177 of the said Conservation Law and of a rule of the Conservation Commission in respect to the use of such net. Relator appeared and answered in such action, and trial was had and numerous witnesses examined upon both sides, and the case submitted to the jury, which rendered a verdict in favor of plaintiff for the full amount of the penalty sued for. By section 28 of article 3 of the Conservation Law (as added by Laws 1911, c. 444) such a judgment may be enforced by execution against the person. Relator took no appeal from the judgment and, after remaining in confinement upon the execution for some time, sought to test its validity and his imprisonment thereunder by habeas corpus, on the theory that the court was without jurisdiction to render such a judgment. It was so held, in effect, by the justice from whose decision this appeal is brought, but on what ground does not appear; the order discharging relator from custody reciting only that:

"No legal cause for said imprisonment and restraint or for the continuance thereof having been shown."

[1] We think relator's imprisonment was authorized by the judgment and entirely legal, and that he was improperly discharged. The complaint alleged:

That the Conservation Commission had adopted a rule, which was in effect on January 1, 1913, as follows:

"Rule 1, subd. 8. The commission shall issue with each licensed net a tag upon which shall be stamped a number corresponding with the number or numbers on the license. Such tag must be attached to the net when in use in such manner that it will be on the top of or above the water and in plain sight at all times."

That on June 8, 1913, the defendant did wrongfully and unlawfully, and in violation of sections 176 and 177 of the Conservation Law, and

of said subdivision 8 of rule 1 so adopted by the Conservation Commission, "use a gill net in the waters of Lake Erie at Buffalo, N. Y., which said net was not tagged in the manner prescribed by said rule 1, subdivision 8, and that thereby the defendant incurred and became liable to the plaintiff for the penalty of sixty dollars ($60) for such violation, as provided by section 182" of said Conservation Law, and that no part thereof has been paid.

Relator's answer to this complaint was a general denial.

The fish and game sections of the Conservation Law, as amended by chapter 508, Laws of 1913, which amendments took effect May 14, 1913, are found in article 5, which article is subdivided into 13 separately numbered parts, and all the sections applicable to this case are found in article 5. We will quote the pertinent parts of the sections which seem to be applicable.

Section 176 in part III provides:

"No person shall at any time of the year pursue, take, wound or kill, in any manner, number or quantity, any fish, * * * protected by law, * * * except as permitted by this article. Nets * * * shall not be used to take fish except as specifically permitted by this article. Any person aiding in any manner in such prohibited acts shall be deemed to have violated this section."

Section 177 in part III provides:

"2. * * * Fish, except migratory food fish of the sea, shall only be taken by angling, unless otherwise specifically permitted by this article."

Section 182 in part III provides:

"A person who violates any of the provisions of part three or of any lawful rule or regulation of the commission, is guilty of a misdemeanor, and in addition thereto, is liable as follows: to a penalty of sixty dollars and an additional penalty of twenty-five dollars for each fish * * * taken * * * in violation thereof."

Section 380 of part XIII contains definitions of various words used in article 5, and by subdivision 26 it is provided that:

"'Taking' includes pursuing * * * and netting fish and game, and all lesser acts such as * * * placing, setting, drawing or using any net or other device commonly used to take fish and game, whether they result in taking or not. * * * Whenever taking is allowed by law, reference is had to taking by lawful means and in lawful manner."

Section 270 in part VIII provides:

"Unless otherwise provided by this article, seines, gills, * * * and other nets or devices may be set or used in any of the waters of the state provided a license so to do shall be first obtained from the commission. Rules regulating the use of seines, gills, * * * and other nets or devices in any of the waters of the state, and providing for the licensing of such nets, together with a license fee therefor, may from time to time be prescribed by the commission when not inconsistent with law, and such rules shall be filed in the office of the commission."

Section 274 in part VIII provides:

"All nets or other devices for taking fish permitted under this part shall be buoyed and tagged in such manner as may be prescribed by the commission."

It seems reasonably clear from the above that, accepting the allegations of the complaint in the action against relator as true and as established by the judgment, relator was on June 8, 1913, pursuing and taking fish in Lake Erie in a manner not permitted by article 5, and was using a net to take fish in a manner not "specifically permitted" by article 5, within the intent and meaning of section 176, and also that he was engaged in taking fish otherwise than by angling and in a manner not "specifically permitted" by said article 5, within the intent and meaning of section 177, and that, therefore, he became liable to the penalty of $60 specified in section 182. He was not "specifically permitted" to use a net in section 274 of article 5, unless it was "buoyed and tagged in such manner as may be prescribed by the commission." The net he was using was not tagged in the manner prescribed by the commission in subdivision 8 of its rule 1. He, therefore, not only violated sections 176 and 177, but he also violated this rule of the commission, and by the express terms of section 182 he incurred the penalty for violating the rule of the commission as well as of the sections named, and in addition was guilty of a misdemeanor.

[2-4] Relator contends that the judgment is without warrant of law, in that the penalty recovered is not the penalty prescribed by the statute for the act charged in the complaint, and that the act charged was not a violation of the sections under which the recovery was had. This contention is based upon the provisions of certain sections found in part VIII of article 5, namely section 270, which authorizes the use of nets, provided a license is obtained from the commission, and authorizes the commission to prescribe rules for their use; section 274, which requires such nets to be buoyed and tagged in the manner prescribed by the commission; section 280, which provides that the above sections "shall only apply to the taking of fish from Lakes Erie and Ontario, the Hudson river north of Verplanck's Point, and *the inland waters of the state*"; and section 284, which is as follows:

"Any person violating any of the provisions of any section of part VIII or of any rule or regulation of the commission prescribed hereunder shall be guilty of a misdemeanor and shall be punishable by a fine of not less than fifty dollars, nor more than two hundred dollars, or by imprisonment for a term of not less than sixty days nor more than four months, or by both such fine and imprisonment, and in addition thereto shall be liable as follows: To a penalty of five dollars for each fish taken or possessed in violation thereof."

The argument of relator's counsel is that section 280 makes these sections of part VIII of article 5 above referred to exclusively applicable to Lake Erie, and, as we understand his position, that sections 176, 177, and 182 do not apply to fishing with nets in Lake Erie. We think section 280 has no such meaning. The learned counsel evidently failed to observe the concluding clause of the section by which part VIII is made applicable to all the inland waters of the state. It was not the intent of section 280, as counsel seems to suppose, to except Lake Erie from the operation of all sections of article 5 except those found in part VIII. Sections 176, 177, and 182 are as applicable to Lake Erie as to any other waters of the state.

But it is urged that section 284, prescribing the penalties for violation of any of the sections in part VIII, is the only section under

which relator could be prosecuted or punished for the acts alleged against him. We have already pointed out that relator is clearly liable under section 182 for his violation of section 176 and 177, which are not in part VIII.

We think it equally clear that relator's use of the untagged net also made him liable for the penalties imposed by section 284. Penalties under either of these sections are not imposed by the commission, but by the statute. We are not aware of any constitutional or other valid objection to the statute because, for the same act, defendant may be liable for one penalty if prosecuted under one section, and another and different penalty if prosecuted under the other section. But, if the question is on the construction of the statute as to which of the penalties it is intended to impose for the act of relator, then clearly it cannot be said that the court at Trial Term was without jurisdiction to construe the statute upon that point, and relator's remedy for any error of the Trial Term is by appeal, and not by resort to habeas corpus. People ex rel. Hubert v. Kaiser, 206 N. Y. 46, 99 N. E. 195.

No point is made that the term for which relator might lawfully be imprisoned under the judgment had expired. By section 28 of the Conservation Law a person taken into custody on an execution in such a case is required to be confined for not less than one day, and at the rate of one day for each dollar of the amount of the judgment recovered. It does not appear on what day relator was taken into custody; but, if this was done on the date of the execution, May 15, 1915, he had not served the requisite number of days at the time he was discharged under the writ.

The order discharging relator from custody should be reversed, and relator remanded to the custody of the sheriff of Erie county. All concur.