[Crim. No. 877.   Third Appellate District.—September 5, 1925.]

THE PEOPLE, Respondent, v. ALLEN MILLS, Appellant.

[1] MEDICAL PRACTICE ACT—PRACTICING CHIROPRACTIC WITHOUT LICENSE—CHIROPRACTIC ACT INAPPLICABLE.—The Chiropractic Act adopted in 1922 has no application to the case of a person practicing a system of curing and healing the sick according to the method and procedure or system known as and followed by chiropractors, but who does not hold a license from the chiropractic board, and who is being prosecuted on a charge of violating section 17 of the Medical Practice Act, as amended in 1917.

[2] ID.—STATUTORY CONSTRUCTION—DEFENSES—LICENSE FROM EITHER BOARD.—Section 17 of the Medical Practice Act is allowed to remain in full force and effect by the initiative measure known as the Chiropractic Act, to apply with full force and effect to all unlicensed persons; and under those two acts, a complete defense to a charge of practicing a system of curing and healing the sick according to the method and procedure or system known as and followed by chiropractors, without a license, is a showing by the defendant that he holds a license from either board.

74 Cal. App.—23

[3] Id.—Prosecution Under Either Act—Different Punishment.—
The fact that a person practicing a system of curing and healing
the sick according to the method and procedure or system known
as and followed by chiropractors, without a license, is subject to
one punishment if prosecuted under the Chiropractic Act and to
a greater punishment if prosecuted under the Medical Practice Act,
does not affect the validity of said acts.

(1) 30 Cyc., p. 1561, n. 30.   (2) 30 Cyc., p. 1561, n. 30.   (3) 16
C. J., p. 1353, n. 89.

APPEAL from a judgment of the Superior Court of
Tehama County and from an order denying a new trial.
J. B. Landis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

L. W. Hughes for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

PLUMMER, 'J.—The defendant was convicted upon an in-
formation charging that "the said Allen Mills, on, or about
the 16th day of March, A. D., 1925, at and in the County
of Tehama, and State of California, and prior to the filing of
this information did then and there wilfully and unlawfully
practice and attempt to practice, and did advertise and
hold himself out as practicing, a system and mode of treat-
ing the sick and afflicted in this state, without having at the
time of so doing, a valid unrevoked certificate as provided
by the State Medical Practice Act" (Stats. 1913, p. 722).
From such conviction the defendant appeals.

Section 17 of the Medical Practice Act, as amended in
1917 (Stats. 1917, p. 114), reads as follows:

"Any person who shall practice or attempt to practice, or
who advertises or holds himself out as practicing, any system
or mode of treating the sick or afflicted in this state, or who
shall diagnose, treat, operate for, or prescribe for, any
disease, injury, deformity, or other mental or physical condi-
tion of any person, without having at the time of so doing a
valid unrevoked certificate as provided in this act, or who shall,

3.   See 8 Cal. Jur. 650.

in any sign or in any advertisement use the word 'doctor,' the letters or prefix 'Dr.,' the letters 'M. D.,' or any other term or letters indicating or implying that he is a doctor, physician, surgeon or practitioner, under the terms of this or any other act, or that he is entitled to practice hereunder, or under any other law without having at the time of so doing a valid unrevoked certificate as provided in this act shall be guilty of a misdemeanor and upon conviction thereof shall be punished as designated in this act.''

The testimony tended to show that the defendant was practicing a system of curing and healing the sick according to the method and procedure or system known as and followed by chiropractors. The instructions of the court were to the effect that if the defendant did not have either a license to practice medicine or a license provided by the Initiative Chiropractic Act, adopted in 1922 (Stats. 1923, p. xxxviii), then, and in that case, if the jury believed from the evidence beyond a reasonable doubt that the defendant was practicing the aforesaid method of healing and curing the sick, the defendant should be found guilty.

Section 15 of the Chiropractic Act reads as follows:

''Any person who shall practice or attempt to practice chiropractic, or any person who shall buy, sell or fraudulently obtain a license to practice chiropractic, whether recorded or not, or who shall use the word 'chiropractor' or 'D. C.,' or any word or title to induce, or tending to induce belief that he is engaged in the practice of chiropractic, without first complying with the provisions of this act; or any licenses under this act who uses the word 'doctor' or the prefix 'Dr.' without the word 'chiropractor,' or 'D. C.' immediately following his name, or the use of the letters 'M. D.' or the word 'doctor of medicine,' or the term 'surgeon,' or the term 'physician,' or the word 'osteopath,' or the letters 'D. O.,' or any other letters, prefixes or suffixes, the use of which would indicate that he or she was practicing a profession for which he held no license from the state of California, or any person who shall violate any of the provisions of this act, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than fifty dollars and not more than two hundred dollars, or by imprisonment in the county jail for

not less than thirty days nor more than ninety days, or both.''

[1] It is contended that the defendant not having a license from the chiropractic board, should have been prosecuted under this section and that as prosecution under this section could only be had in the justice's court, the superior court had no jurisdiction of this case. In determining whether this contention is sound, consideration must be given to section 18 of the Chiropractic Act, which reads as follows:

''Nothing herein shall be construed as repealing the 'medical practice act' of June 2, 1913, or any subsequent amendments thereof, except in so far as that act or said amendments may conflict with the provisions of this act as applied to persons licensed under this act, to which extent any and all acts or parts of acts in conflict herewith are hereby repealed.''

It will be observed from a reading of this section that from the fact that the defendant did not have a license from the chiropractic board, the Chiropractic Act adopted in 1922 has no application to this case. By the provisions of section 18, as above set forth, no part of the Medical Practice Act is repealed, save and except as to those portions which are in conflict with the Chiropractic Act, when applied to persons holding a license issued by the chiropractic board.

It is contended that as the defendant had no license from the chiropractic board, the defendant might have been prosecuted in separate courts for the same act, one under the terms of section 15 of the Chiropractic Act and another prosecution under the terms and conditions of section 17 of the Medical Practice Act. It is also contended that one holding a certificate to practice medicine under the Medical Practice Act would be subject to prosecution for an attempt to follow the system of curing used by chiropractors without having a license from the chiropractor board, which would result in the following situation: A medical practitioner holding a medical license would be subject only to a maximum penalty under section 15 of the Chiropractic Act of a fine of two hundred dollars, or by imprisonment in the county jail for not to exceed ninety days; whereas, the defendant, having no medical certificate and attempting to cure by the same

system without having a certificate from the board of chiropractors, might be punished under section 17 and section 24 of the Medical Practice Act (Stats. 1917, p. 115), by a fine not exceeding six hundred dollars, or by a term of imprisonment in the county jail not to exceed 180 days, etc., and that, therefore, the sections are discriminatory.

We do not need to determine the correctness of this contention, because if such is the effect of the Chiropractic Act, it would only result in the holding that section 15 of the Chiropractic Act is invalid, in that it is made applicable to one class of persons and not to another.

[2] Under the two acts a complete defense to a charge of curing without a license is the introduction and showing by the defendant that he holds a license from either board. Prior to the adoption of the initiative act relating to chiropractors in 1922, it was unlawful to practice that system of curing without having obtained a certificate from the State Medical Board of Examiners. That situation, however, has now been corrected, so that if a defendant charged under section 17 of the Medical Practice Act, and it be found that he is following the system used by chiropractors, then his complete defense is the showing that he holds a certificate from the chiropractic board. In other words, section 17 of the Medical Practice Act is allowed to remain in full force and effect by the initiative measure known as the Chiropractic Act, to apply with full force and effect as fully and completely as it did prior to 1922 by the express terms of section 18 of the Chiropractic Act, to all unlicensed persons.

[3] Is there any merit in the contention that the defendant is subject to different degrees of punishments in different courts, by reason of the difference in the terms of the two acts referred to herein? We think not. In the case of *In re Mulholland, etc.,* 97 Cal. 527 [32 Pac. 568], Justice Patterson of the supreme court of this state held "the fact that criminals are subjected to different degrees of punishment for the same offense in different courts does not affect the validity of the law," citing as authority *Scrinegrour* v. *State,* 1 Chand. (Wis.) 51. This case is referred to and the reasoning therein approved in the case of *In re Kennerly,* 190 Cal. 774 [214 Pac. 857]. In the case of *People ex rel. Olsen* v. *Sheriff of Erie County,* 174 App. Div. 281 [160

N. Y. Supp. 427], the court held, "A statute is not invalid, because for the same act a defendant may be liable for one penalty if prosecuted under one section, and another and different penalty if prosecuted under another section." In that case, which related to the unlawful catching of fish, different sections provided different penalties, and the ruling was had as before stated. If this is true as to different sections of the same act, it would seem for a much stronger reason, to wit, absence of contrary intentions of the legislature, if the different penalties provided appear in different acts. Again, we do not very well see any good reasoning in the contention that the defendant has been improperly convicted under an act which applies to him, to wit, one not holding any license, simply because he might have also been prosecuted in another court, or, in the justice's court, for the same act and a lesser possible penalty imposed. The fact that the defendant has violated both acts, does not relieve him from prosecution under the Medical Practice Act, unless its provisions are repealed by the Chiropractic Act, which, by the very terms of section 18, we have found that the Chiropractic Act does not do. The rule of law which we have before stated, followed in the Mulholland case, is also set forth as the law in 16 C. J., page 1353, and 8 Cal. Jur., page 650.

The defendant in this case was sentenced to pay a fine of two hundred dollars, or, in default thereof, serve out the sentence in the county jail at the rate of three dollars per day and from the foregoing statement we find no reason for disturbing the judgment. The order denying the defendant's motion for a new trial and the judgment referred to herein are affirmed.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 2, 1925.