[No. A043068. First Dist., Div. Two. Oct. 31, 1988.]

R. JOHN AMMON, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
MARC S. CARPENTER, Real Party in Interest.

## COUNSEL

Thomas R. Hogan, Robert E. Camors, Jr., and Thelen, Marrin, Johnson & Bridges for Petitioner.

No appearance for Respondent.

Brian McCarthy and McCarthy, Leonard & Spain for Real Party in Interest.

## OPINION

**POLLAK, J.\***—This petition for writ of mandate presents the as-yet unanswered question whether section 411.30 of the Code of Civil Procedure[1] requires that the attorney's certificate of merit which must be filed in a malpractice action against a health care provider must reflect that plaintiff's

---

\* Assigned by the Chairperson of the Judicial Council.

[1] Unless otherwise indicated, all future statutory references are to the Code of Civil Procedure.

counsel has consulted with a professional licensed in the same discipline as the defendant. The trial court, in overruling the petitioner's demurrer, implicitly held that it is sufficient if the certificate shows that the attorney has consulted with an expert licensed in any of the four disciplines referred to in the statute, so long as the attorney reasonably believes that the individual is knowledgeable in the relevant issues involved in the particular action.

The complaint of plaintiff/real party in interest alleges that the defendant/petitioner is a "doctor[ ] of chiropractic medicine duly licensed to practice chiropractic medicine in the State of California"[2] and that petitioner "so negligently, carelessly and recklessly diagnosed, treated and cared for Plaintiff's medical condition as to result in serious and substantial physical injury to Plaintiff . . . ." In the "Attorney's Certificate of Merit (CCP § 411.30)" accompanying the complaint, plaintiff's attorney certified to the following: "I have reviewed the facts of this case, and I have consulted with at least one physician licensed to practice in the State of California and whom I reasonably believe to be knowledgeable in the relevant issues involved in this case, and I have concluded on the basis of such consultation that there is a reasonable and meritorious cause for commencing this action."

Defendant filed a demurrer,[3] asserting that the certificate of merit failed to comply with the requirements of section 411.30 because it indicated that the attorney had consulted with a physician rather than with a chiropractor.[4] The trial court overruled the demurrer, whereupon the petition for writ of mandate was filed. This court issued an order to show cause why a peremptory writ of mandate should not issue.[5]

Section 411.30 provides that in any action for damages arising out of the professional negligence of a person holding a physician's and surgeon's

---

[2] As will appear below, "chiropractic medicine" is a misnomer. The petitioner is authorized to practice "chiropractic." (See Bus. & Prof. Code, § 1000-7.)

[3] The asserted insufficiency of the certificate of merit is properly challenged by demurrer. (See § 411.30, subd. (h).)

[4] In the trial court, defendant, making improper use of the ellipsis, argued that the statute required counsel to consult "with 'at least one physician and . . . chiropractor . . . .' " The statute, when quoted correctly (see fn. 6, *infra*), obviously provides no support for the contention that more than one expert must be consulted, and petitioner has made no such contention before this court.

[5] Shortly before oral argument, counsel brought to this court's attention the fact that plaintiff/real party in interest has filed an "Attorney's Supplemental Certificate of Merit" in the trial court, indicating that plaintiff's attorney has now also consulted with "at least one chiropractor and surgeon licensed to practice in the State of California . . . ." While counsel suggests that this development renders the issue moot, we nonetheless proceed to resolve the issue presented because of the impact of the ruling on other malpractice cases against health care providers in which the issue is likely to recur. (See, e.g., *Simmons* v. *Superior Court* (1988) 203 Cal.App.3d 71, 74-75 [249 Cal.Rptr. 721].)

certificate, a dentist's license, a podiatrist's certificate, or a person licensed pursuant to the Chiropractic Act, plaintiff's attorney shall file a certificate declaring, with two limited exceptions, that the attorney has, inter alia, "consulted with at least one physician and surgeon, dentist, podiatrist, or chiropractor who is licensed to practice and practices in this state or any other state or teaches at an accredited college or university" and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of the consultation and a review of the facts of the case that there is reasonable and meritorious cause for the filing of such action.[6]

Petitioner contends, based on the language of the statute and certain legislative history, that the Legislature intended to require the plaintiff's attorney to consult with a health care professional who is licensed in the same field as the malpractice defendant. Petitioner relies upon the Report of the Senate Committee on the Judiciary relating to the 1983 amendment to section 411.30, which extended its provisions to actions filed against a chiropractor and extended the sunset date of the statute. According to that report, "[t]he certificate may be filed after the attorney has consulted with a qualified professional *in the field* and has concluded that the action is meritorious." (Sen. Com. on the Judiciary Rep. (1983-1984 Reg. Sess.) [Assem. Bill No. 1883, Davis], p. 2; italics supplied.) Further, because a plaintiff can recover in most professional malpractice actions only by presenting expert testimony that the defendant has breached the applicable professional standard of care, petitioner argues that "[t]he most logical reading of this statute is one that would require consultation with a

---

[6]Subdivisions (a) and (b)(1) of section 411.30 read in full as follows: "(a) In any action for damages arising out of the professional negligence of a person holding a valid physician's and surgeon's certificate issued pursuant to Chapter 5 (commencing with Section 2000) of Division 2 of the Business and Professions Code, or of a person holding a valid dentist's license issued pursuant to Chapter 4 (commencing with Section 1600) of Division 2 of the Business and Professions Code, or of a person holding a valid podiatrist's certificate issued pursuant to Article 22 (commencing with Section 2460) of Chapter 5 of Division 2 of the Business and Professions Code, or of a person licensed pursuant to the Chiropractic Act, on or before the date of service of the complaint on any defendant, the plaintiff's attorney shall file the certificate specified in subdivision (b). [¶] (b) A certificate shall be executed by the attorney for the plaintiff declaring one of the following: [¶] (1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one physician and surgeon, dentist, podiatrist, or chiropractor who is licensed to practice and practices in this state or any other state or teaches at an accredited college or university and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is reasonable and meritorious cause for the filing of such action."

Subdivision (b)(2) provides for a different certificate if the threatened expiration of a limitations period prevented counsel from timely obtaining the certificate prescribed in subdivision (b)(1), and for the subsequent filing of the (b)(1) certificate. Subdivision (b)(3) provides for a different certificate if counsel was unable to arrange for a consultation. (See fn. 8, *infra*.)

co-professional of the defendant who probably does have knowledge of the defendant's standard of care because he is licensed to practice in the same profession rather than a member of a different profession who probably does not have such knowledge . . . ." The trial court's interpretation of the statute, petitioner contends, "provides no barrier to the commencement of an action against a dentist based on consultation with a podiatrist."

Petitioner's position does have superficial appeal. However, closer examination of the language of the statute and its purpose reveals that it is unnecessary to read into section 411.30 the restriction petitioner urges in order to avoid the absurd result he posits.

Although section 411.30 is susceptible to the interpretation petitioner urges, the statute does not contain any language which explicitly requires that the health care professional who is consulted be licensed in the same health care discipline as the defendant. The absence of such limiting language gains significance when comparison is made with the almost identical provisions of section 411.35, which requires a similar certificate of merit to accompany complaints filed against architects, professional engineers, and land surveyors. However, unlike subdivision (b) of section 411.30, subdivision (b)(1) of section 411.35 explicitly requires that the expert consulted be "in the same discipline as the defendant or cross-defendant . . . ."[7] The Legislature added this restriction to section 411.35 in 1983, four years after it originally enacted that section. (Stats. 1983, ch. 414, § 1, p. 1695.) Nonetheless, despite the identical focus and the near identity of language in the two sections, the Legislature did not insert this key phrase in section 411.30 (which was first enacted in 1978) either when it amended that section at the same time it amended section 411.35 or when it amended section 411.30 twice thereafter. (Stats. 1983, ch. 429, § 1, p. 1714; Stats. 1984, ch. 1705, § 1, p. 6174; Stats. 1986, ch. 247, § 1, pp. 1207-1208.)

Turning to the objective underlying the statute, "[t]he obvious purpose of section 411.30 is to require a plaintiff to obtain independent support of the merits of his action prior to serving defendant." (*Adams* v. *Roses*

---

[7] Section 411.35, subdivision (b)(1), provides as follows: "A certificate shall be executed by the attorney for the plaintiff or cross-complainant declaring one of the following: [¶] (1) That the attorney has reviewed the facts of the case, that the attorney has consulted with at least one architect, professional engineer, or land surveyor who is licensed to practice and practices in this state or any other state, or who teaches at an accredited college or university and is licensed to practice in this state or any other state, in the same discipline as the defendant or cross-defendant and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is reasonable and meritorious cause for the filing of such action. The person consulted may not be a party to the litigation."

(1986) 183 Cal.App.3d 498, 504 [228 Cal.Rptr. 339]; *Strauch* v. *Superior Court* (1980) 107 Cal.App.3d 45, 49 [165 Cal.Rptr. 552].) According to the analysis of the Assembly Committee on the Judiciary of the bill containing the original version of the statute, "the bill merely seeks to assure that before an attorney files a complaint against a physician for medical malpractice that he does a minimal amount of investigation to determine that there is a reasonable basis for the filing of such complaint." (Assem. Com. on the Judiciary (1978 Reg. Sess.) [Assem. Bill No. 895, Bill Analysis Worksheet].) In most professional malpractice cases, it cannot be established that the defendant's conduct fell below the applicable standard of care without the testimony of an expert familiar with that standard. (1 Witkin, Cal. Evidence (3d ed. 1986) § 525, pp. 495-496.) Therefore, compliance with section 411.30 normally[8] ensures that suit will not be filed unless counsel has located an expert qualified to express such an opinion. However, if the plaintiff intends to rely solely on the theories of res ipsa loquitur and/or failure to inform of the consequences of a procedure, for which expert testimony may not be required (see, e.g., *Bolen* v. *Woo* (1979) 96 Cal.App.3d 944, 956 [158 Cal.Rptr. 454]), consultation with an expert is excused. (§ 411.30, subd. (d).) Hence, the Legislature did not intend to require consultation with experts when their testimony will not be necessary to establish liability.

Requiring consultation with an expert licensed by the same board as the defendant would not ensure that the plaintiff's attorney had consulted with an expert who practices in the same field as the defendant and who is necessarily qualified to express an opinion concerning the standards governing the defendant's practice. Because of the diversity of practice and subspecialties encompassed within the four disciplines covered by section 411.30, a holder of one of the four certificates or licenses is not necessarily qualified to express an opinion concerning the standard of care applicable to all other holders of the same certificate or license. (See, e.g., *Jutzi* v. *County of Los Angeles* (1987) 196 Cal.App.3d 637, 651-653 [242 Cal.Rptr. 74]; *Pearce* v. *Linde* (1952) 113 Cal.App.2d 627, 630 [248 P.2d 506].)

Contrariwise, a holder of one license may be qualified to opine concerning the standard of care applicable to the holder of a different license. (*Chadock* v. *Cohn* (1979) 96 Cal.App.3d 205, 208-209 [157 Cal.Rptr. 640].) "To qualify a witness as a medical expert it must be shown that the witness (1) has the required professional knowledge, learning and skill of the subject under inquiry sufficient to qualify him to speak with authority

---

[8] If an attorney is unable to obtain a consultation with an expert after making three separate good faith attempts with three separate experts, the attorney's certificate of merit need only state that fact. (§ 411.30, subd. (b)(3).) The provisions of section 411.30 are not applicable to a plaintiff who is not represented by an attorney (§ 411.30, subd. (i).)

on the subject, and (2) is familiar with the standards required of physicians under similar circumstances. [Citations.] . . . The determinative test . . . is whether the witness has disclosed sufficient knowledge of the subject to entitle his opinion to go to the jury. [Citations.]" (*Agnew* v. *City of Los Angeles* (1950) 97 Cal.App.2d 557, 565-566 [218 P.2d 66]; accord *Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 37-39 [210 Cal.Rptr. 762, 694 P.2d 1134]; *Brown* v. *Colm* (1974) 11 Cal.3d 639, 645-647 [114 Cal.Rptr. 128, 522 P.2d 688]; *Cline* v. *Lund* (1973) 31 Cal.App.3d 755, 765-767 [107 Cal.Rptr. 629]; Evid. Code, § 720.) ■ "Where a duly licensed and practicing physician has gained knowledge of the standard of care applicable to a specialty in which he is not directly engaged but as to which he has an opinion based on education, experience, observation or association with that specialty, his opinion is competent." (*Evans* v. *Ohanesian* (1974) 39 Cal.App.3d 121, 128 [112 Cal.Rptr. 236]; see generally, 3 Witkin, Cal. Evidence (3d ed. 1986) §§ 1846-1847, pp. 1801-1804.)

■ " 'The unmistakable general trend in recent years has been toward liberalizing the rules relating to the testimonial qualifications of medical experts.' " (*Mann* v. *Cracchiolo, supra,* 38 Cal.3d 18, 37.) "[I]t cannot be said as a matter of law that an individual is not qualified to give a medical opinion just because that person is not a licensed physician. [Citation.] Because of the dramatic growth of diverse interdisciplinary studies in recent times, often individuals of different nonphysician professions are called upon to give medical opinions or at least opinions involving some medical expertise. [Citations.]" (*People* v. *Villarreal* (1985) 173 Cal.App.3d 1136, 1142 [219 Cal.Rptr. 371].)

■ There are numerous areas of professional overlap within the four disciplines covered by section 411.30. For example, under the provisions of the Medical Practice Act, the Board of Medical Quality Assurance is authorized to issue physician's and surgeon's certificates, which broadly authorize the holder "to use drugs or devices in or upon human beings and to sever or penetrate the tissues of human beings and to use any and all other methods in the treatment of diseases, injuries, deformities, and other physical and mental conditions." (Bus. & Prof. Code, § 2000 et seq.; see especially §§ 2050, 2051.) The California Board of Podiatric Medicine, itself a division within the Board of Medical Quality Assurance (Bus. & Prof. Code, § 2460), is authorized to issue certificates to practice podiatric medicine, defined to mean "the diagnosis, medical, surgical, mechanical, manipulative, and electrical treatment of the human foot, including the ankle and tendons that insert into the foot and the nonsurgical treatment of the muscles and tendons of the leg governing the functions of the foot." (Bus. & Prof. Code, §§ 2472, 2479.) The statute specifically provides that "[a] doctor of podiatric medicine may perform surgical treatment of the ankle,"

provided that the person is certified by the board to do so. (Bus. & Prof. Code, § 2473; see also § 2472.) The statute also specifies the necessary curriculum of study for applicants for a certificate to practice podiatric medicine, which must include adequate instruction in, among other subjects, anatomy, bacteriology, biochemistry, dermatology, immunology, neurology, orthopedic surgery, pathology, pharmacology, physical therapy, physiology, podiatric medicine, podiatric surgery, preventive medicine, psychology, and roentgenologic technique and radiation safety. (Bus. & Prof. Code, § 2483.) Thus, it is readily apparent that there are areas of overlap in which the holders of both physician's and surgeon's certificates and podiatrist's certificates practice. In those areas, a holder of one certificate may well be qualified to testify concerning the standard of practice applicable to the holder of the other certificate, and such testimony has in fact been permitted. (E.g., *Chadock* v. *Cohn, supra,* 96 Cal.App.3d 205, 208-209 [podiatrist permitted to testify as to standard of care applicable to orthopedic surgeon; Evid. Code, § 720 held not to "require[ ] that the witness be a medical doctor or otherwise possess the same professional degrees or certifications held by the attending surgeon."])

The Dental Practice Act (Bus. & Prof. Code, § 1600 et seq.) authorizes the Board of Dental Examiners of California to issue licenses to practice dentistry.[9] However, "[t]he practice of oral surgery by a physician and surgeon licensed under the Medical Practice Act" is explicitly excepted from the proscription from engaging in the practice of dentistry without a license to practice dentistry (Bus. & Prof. Code, § 1626.) Quite obviously, in an appropriate case concerning oral surgery, either a licensed dentist or the holder of a physician's and surgeon's certificate may be qualified to testify concerning the standard of care applicable to the other.

Similarly, the Chiropractic Act creates a limited exception to the prohibition against practicing a healing art without a license from the Board of Medical Examiners. (*Crees* v. *California State Board of Medical Examiners* (1963) 213 Cal.App.2d 195, 209 [28 Cal.Rptr. 621]; *People* v. *Mangiagli* (1950) 97 Cal.App.2d Supp. 935, 938.) The license to practice chiropractic, issued by the State Board of Chiropractic Examiners, authorizes the holder "to use all necessary mechanical, and hygienic and sanitary measures incident to the care of the body . . . ." (Bus. & Prof. Code, §§ 1000-7, 1000-1.) ■ A certified chiropractor is authorized to use in a limited and circumscribed manner the concepts of anatomy, bacteriology, diagnosis, physiolo-

---

[9] Dentistry is defined as "the diagnosis or treatment, by surgery or other method, of diseases and lesions and the correction of malpositions of the human teeth, alveolar process, gums, jaws, or associated structures; and such diagnosis or treatment may include all necessary related procedures as well as the use of drugs, anesthetic agents, and physical evaluation." (Bus. & Prof. Code, § 1625, see §§ 1601, 1634.)

gy, chemistry, hygiene, physiotherapy, and dietetics. (59 Ops.Cal.Atty.Gen. 420, 423 (1976).) While the license does not authorize the practice of medicine, surgery, osteopathy, dentistry or optometry, nor the use of any drug or medicine, without the authorization conferred by this license persons engaging in the practice of chiropractic would be subject to prosecution for unauthorized practice without a certificate required by the Medical Practice Act. (*People* v. *Fowler* (1938) 32 Cal.App.2d Supp. 737, 748-749 [84 P.2d 326]; *People* v. *Mills* (1925) 74 Cal.App. 353, 356-357 [240 P. 296].) ▮ Hence, there is also a limited overlap between the practice authorized by a physician's and surgeon's certificate and by a license to practice chiropractic. Not surprisingly, a holder of a physician's and surgeon's certificate, if possessing the necessary expertise in the particular subject at issue, may be permitted to testify in a case—such as the present one—involving the professional conduct of a chiropractor. (E.g., *Abos* v. *Martyn* (1939) 31 Cal.App.2d 705, 713-714 [88 P.2d 797]; *Ellinwood* v. *McCoy* (1935) 8 Cal.App.2d 590, 594 [47 P.2d 796].)

Section 411.30, subdivision (b)(1), requires plaintiff's counsel to certify that he or she has consulted with an expert "who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action . . . ." ▮▮▮▮ This certification attests to the fact that counsel has consulted with a licensee in one of the four disciplines who counsel reasonably and in good faith believes is qualified to testify as an expert witness under Evidence Code section 720 to the merits of plaintiff's claim.[10] It is this reasonable and good faith belief of counsel, certified to as an officer of the court, rather than the particular license held by the expert consulted, that ensures compliance with the statutory objective of obtaining "independent support of the merits" of a malpractice action against a health care provider prior to serving the defendant. (*Adams* v. *Roses, supra,* 183 Cal.App.3d 498, 504.) If after consultation with such an expert and a review of the facts of the case, the attorney concludes that there is reasonable and meritorious cause for the filing of the action, the statutory objective has been satisfied.

▮ Counsel for plaintiff did provide the statutorily required certificate in this case. While it may of course develop that counsel mistakenly

---

[10] The certification also implicitly represents that the consultation was in good faith and not merely a casual or perfunctory passing exchange. However, unlike a designation of expert witnesses under section 2034—which may not be required until shortly before trial, which identifies the experts by name, and which, subject to the qualifications contained in section 2034, subdivisions (k), (*l*) and (m), precludes a party from calling any other expert as a witness—the attorney's certificate of merit does not obligate the plaintiff to use the unnamed expert with whom counsel has consulted as a trial witness nor does it preclude plaintiff from calling a different expert witness at trial. While section 411.30, subdivision (f), protects the content of the expert's advice to the attorney from compulsory disclosure, unjustified misstatements by counsel in the certificate of merit may subject the attorney to appropriate disciplinary action.

believed that the expert consulted was qualified to testify against the defendant, that possibility would exist even if the expert on whose advice counsel relied were certified in the same discipline as defendant. Because the Legislature has not explicitly required that the certificate of merit reflect consultation with the holder of the identical license or certificate as that held by the defendant, and because the certificate that plaintiff's attorney provided evidences that he has conferred with an expert knowledgeable in the relevant field, the certificate of merit filed in this case does meet the statutory requirements, and the demurrer to its sufficiency was properly overruled.

Accordingly, the petition for writ of mandate is denied. Real party shall recover his costs in opposing the petition.

Kline, P. J., and Benson, J., concurred.