Filed 9/16/14  Hoffman v. Superior Court CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ALLEN HOFFMAN, | No. B256300 |
| Petitioner, | (Los Angeles County Super. Ct. No. LC099715) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| MARCEL GORANSON, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; preemptory writ of mandate.  Elia Weinbach, Judge.  Preemptory writ of mandate issued.

Schmid & Voiles and Denise H. Greer for Petitioner.

No appearance by Respondent.

Marvin S. Shebby for Real Party in Interest.

_____

A doctor moved for summary judgment in a medical malpractice action alleging negligent performance of a 2011 hernia surgery. The doctor relied on a declaration prepared by a physician who was board-certified in general surgery three times and had extensive professional experience. Respondent court sustained an objection to the expert's declaration on the basis that it failed to establish the expert was familiar with the standard of care for hernia surgery in 2014. After the doctor-defendant filed a petition for writ of mandate, this court issued an alternative writ directing respondent to confer with the parties and enter new orders overruling the objection and granting the doctor's motion for summary judgment, or to show cause why the relief sought should not be granted. At the hearing on the alternative writ, respondent court admitted it had "erred in excluding [the] declaration" under decisions of the Court of Appeal and California Supreme Court, and summary judgment should have been granted. Respondent court elected not to comply with the alternative writ because it concluded there is no harm in allowing the plaintiff "to at least make the argument in the court of appeal . . . ." We issue a peremptory writ of mandate, holding that respondent court breached its obligation to follow binding appellate authority. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

**Procedural History**

Plaintiff Marcel Goranson brought an action for medical negligence against defendants Dr. Allen Hoffman and Tarzana Medical Center relating to hernia repair surgery performed by Dr. Hoffman in December 2011. The complaint alleged that the health care services provided by defendants fell below the standard of care, causing serious and permanent injury.

Dr. Hoffman moved for summary judgment, supported by the declaration of Dr. Frank Candela, who opined that Dr. Hoffman acted within the standard of care for a general surgeon practicing in Southern California in 2011, and that, within a reasonable degree of medical probability, neither his acts or omissions contributed to Goranson's

2

injuries. Goranson objected to admission of Dr. Candela's declaration on the basis that it did not establish Dr. Candela was qualified to express an opinion regarding the standard of care for hernia surgery. Goranson did not oppose summary judgment with the declaration of an expert indicating Dr. Hoffman failed to meet the standard of care.

Respondent court sustained Goranson's objections to Dr. Candela's declaration. According to the court, "Dr. Candela failed to set forth facts showing that he is qualified, in 2014, to testify about the standard of care relating to hernia surgery . . . . He fails, however, to establish that he currently practices general surgery, or that he is familiar with the standard of care for hernia surgeries in 2014 . . . . [He] fails to state how he is familiar with such standard of care." Because Dr. Candela's declaration was stricken, the court ruled Dr. Hoffman failed to meet his burden of showing he was entitled to summary judgment.

Dr. Hoffman responded to the ruling by filing the instant petition.

**Dr. Candela's Declaration**

Dr. Candela graduated from Northwestern University Medical School in 1982, and completed an internship at Northwestern University McGaw Medical Center in 1983. He completed a residency in general surgery at Northwestern University McGaw Medical Center between 1983 and 1985, and served as a chief resident between 1986 and 1987. Dr. Candela completed a surgical fellowship at Memorial Sloan-Kettering Cancer Center, specializing in Surgical Oncology. His declaration adopts his curriculum vitae by reference, which additionally states that between 1988 and 1999, Dr. Candela served as chief of staff at the Motion Picture and Television Fund Hospital. He was president of the medical staff at West Hills Hospital and Medical Center in 2009 and 2010. He has been board-certified as a general surgeon by the American Board of Surgeons since 1988, with recertifications in 1999 and 2008. Dr. Candela has been a member of the American College of Surgeons since 1991. He has authored numerous publications and has made several presentations to medical professional groups.

3

Dr. Candela is familiar with the standard of care applicable to the care and treatment of patients such as Goranson. In forming his opinion, Dr. Candela reviewed all of Goranson's medical records relating to the hernia surgery and subsequent treatment. Dr. Candela opines that Dr. Hoffman fully complied in all respects with the standard of care for a general surgeon practicing in Southern California in 2011 in his care and treatment of Goranson.

**Expert Testimony in Medical Malpractice Actions**

"Whether the standard of care in the community has been breached presents the basic issue in a malpractice action and can only be proved by opinion testimony unless the medical question is within the common knowledge of laypersons." (*Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 844; see *Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 523.) "The unmistakable general trend in recent years has been toward liberalizing the rules relating to the testimonial qualifications of medical experts." (*Brown v. Colm* (1974) 11 Cal.3d 639, 645.) Board certification and practice of a specialty is not required if "knowledge and familiarity with such standards is otherwise established." (*Cline v. Lund* (1973) 31 Cal.App.3d 755, 766.)

"In order to testify as an expert in a medical malpractice case, a person must have enough knowledge, learning and skill with the relevant subject to speak with authority, and he or she must be familiar with the standard of care to which the defendant was held. (Evid. Code, § 720, subd. (a); *Ammon v. Superior Court* (1988) 205 Cal.App.3d 783, 790-791.) An expert may base his or her opinion on any matter reasonably relied upon by experts in forming opinions about the particular subject matter in question, except when the law precludes consideration of a particular matter. (Evid. Code, § 801, subd. (b).) If the expert has disclosed sufficient knowledge of the subject to entitle his or her opinion to go to the jury, the court abuses its discretion by excluding his or her testimony. (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 39.)" (*Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 467-468; *Howard Entertainment, Inc. v.*

4

*Kudrow* (2012) 208 Cal.App.4th 1102, 1121 [holding by this court that experts may express an opinion "in areas not their precise specialty"].)

**Analysis**

In response to the alternative writ, respondent court held a hearing[1] with counsel for the parties and candidly acknowledged it "erred in excluding Dr. Candela's declaration" and "I excluded it . . . wrongly . . . ." The court recognized "there was really no expert opinion countering Dr. Candela's opinion." The court also conceded its prior ruling was error under opinions of "the Courts of Appeal—and the Supreme Court to a lesser extent . . . ." Respondent court was correct—Dr. Caldera unquestionably demonstrated sufficient knowledge, learning, and skill of a general surgeon, and he declared under penalty of perjury he is familiar with the standard of care in hernia operations. Although board certification is not required of an expert (*Cline v. Lund*, *supra*, 31 Cal.App.3d at p. 766), here respondent court was presented with a declaration of a physician who was thrice board-certified in general surgery and who had an impressive array of education, training, and experience. It "would be unreasonable to assume that" Dr. Caldera was unfamiliar with hernia surgery given his extensive and uncontroverted qualifications. (*Mann v. Cracchiolo*, *supra*, 38 Cal.3d at p. 38 [rejecting as unreasonable any assumption that a diplomate in surgery and neurosurgery does not regularly read X-rays and is unfamiliar with the standard of care exercised by radiologists in reading X-rays and preparing reports].)

Although it determined that it erred in striking the declaration of Dr. Caldera and denying summary judgment, respondent court elected not to comply with the alternative writ of mandate. "When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of

---

[1] We ordered the hearing pursuant to *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1250, fn. 10.

care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence.' [Citations.]" (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 985.) Goranson presented no expert opinion on the standard of care or breach of that standard in opposing summary judgment. Goranson attempted in his reply to the motion for summary judgment to rely on selected excerpts of the deposition testimony of the doctor who performed subsequent surgeries on him. But that doctor expressly refused to express an opinion on the standard of care and never testified that Dr. Hoffman failed to meet the standard of care:

"Q. Now, did you observe anything during your surgery which led you to believe that Dr. Hoffman had breached the standard of care in the community?

"A. Yeah, I think my current position is not to make a lot of comments about what's inside or outside the standard of care, since I'm not functioning as the expert witness."

Respondent court had an obligation to follow binding authority of the California Supreme Court and the California Court of Appeal. (*Auto Equity Sales, Inc. v. Superior Court*, *supra*, 57 Cal.2d at p. 455.) Instead, respondent court deferred to Goranson's suggestion that the court should not comply with the alternative writ because Goranson is the real party in interest, and he should be allowed to make his argument in a writ proceeding rather than appeal. Our alternative writ required respondent court to determine the legal issue presented in accordance with California law. The purported convenience of writ review to a party is not a component of the legal issue respondent court was directed to address. In any event, the asserted convenience of a party does not trump a trial court's obligation to follow binding authority of California's appellate courts.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent superior court to vacate its decision denying the motion for summary judgment of Dr. Hoffman, and to

6

enter a new order granting summary judgment in his favor.  Having served its purpose, the alternative writ is discharged, and the stay issued by this court is vacated upon the finality of this decision.  Costs on appeal are awarded to Dr. Hoffman.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)


KRIEGLER, J.

We concur:


MOSK, Acting P. J.


MINK. J. *

---

* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.